# IN THE COURT OF APPEALS OF IOWA

No. 14-1640
Filed February 11, 2015

**IN THE INTEREST OF B.N.,**
   **Minor Child,**

**B.N., Father,**
   Appellant.
_____

Appeal from the Iowa District Court for Polk County, Terry L. Wilson, Judge.

The father appeals an order terminating his parental rights. **AFFIRMED.**

Jacob L. Mason of JL Mason Law, P.L.L.C., Ankeny, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, John P. Sarcone, County Attorney, and Kevin Brownell, Assistant County Attorney, for appellee.

Stephie Tran and Nancy Pietz, Des Moines, for mother

Kimberly Ayotte of Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, J.**

A father challenges the termination of his parental rights to his son, Be.N. He argues that this court should restore his parental rights because the Iowa Department of Human Services (IDHS) did not comply with the notice requirements set forth in Iowa Code section 232.84 (2013). Specifically, he contends that IDHS did not provide timely notice of removal of the child to the father's cousin and that the content of the notice did not comply with statutory requirements. Had IDHS provided timely and sufficient notice, the father asserts, the juvenile court may have considered relative-placement and not terminated his parental rights under the exception provided in code section 232.116(3)(a). We note the father has had his parental rights to another child terminated. *See In re K.N.*, No. 11-1102, 2011 WL 4382995, at * 1 (Iowa Ct. App. Sep. 21, 2011). In that case, the father made the same argument he makes here. As in that case, we conclude the issue is not preserved for our review.

"As a general rule, an issue not presented in the juvenile court may not be raised for the first time on appeal." *In re T.J.O.*, 527 N.W.2d 417, 420 (Iowa Ct. App. 1994); *see also Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). If a party presents an issue to the court, but the court does not rule on that issue, "the party raising the issue must file a motion asking the court for a ruling in order to preserve the issue for appeal." *Benavides v. J.C. Penney Life Ins. Co.*, 539 N.W.2d 352, 356 (Iowa 1995); *see also Meier*, 641 N.W.2d at 538–39. To find that error was preserved, "the record must at least reveal the court was aware of the claim or issue and litigated it." *Meier*, 641 N.W.2d at 540. We employ these

preservation principles because "[i]t is not a sensible exercise of appellate review to analyze facts of an issue 'without the benefit of a full record or lower court determination[]." *Id.* at 537 (citation omitted).

As in the prior case, there is no specific argument made regarding compliance with section 232.84 in the CINA or termination proceeding. There is no reference in the termination order to the timeliness or substance of the notice provided to the family member. The father did not request the juvenile court enlarge its findings and conclusions to address the issue. In sum, the father neither raised the issue before the juvenile court nor secured a ruling from the juvenile court on the issue now presented. Under these circumstances, error has not been preserved.

Even assuming error had been preserved, the father's claim is without merit. First, it is not clear that the father has standing to raise the claim. *See In re R.B.*, 832 N.W.2d 375, 382 (Iowa Ct. App. 2013). Second, if the father had standing to raise the claim, it is also not clear that the appropriate remedy would be the restoration of his parental rights. *See id.* Third, the father is hard-pressed to show any ground for restoration of his rights: he does not contest the grounds for termination or contend termination compromised the child's best interests. Instead, the father argues only that it is possible the juvenile court may have considered placement with a relative and, by extension, that it is possible that such a placement may have supported an exception to the termination of the father's rights. *See* Iowa Code § 232.116(3)(a). The juvenile court specifically found, however, that relative placement at this late date was not in the child's

best interest because the child was bonding with his foster family, the child's half-sister was placed with the same foster family, and the foster family was able to provide for this child's special needs.

For the foregoing reasons, we affirm the juvenile court's order terminating B.N.'s parental rights to minor child Be.N.

**AFFIRMED.**