# IN THE COURT OF APPEALS OF IOWA

No. 13-1500
Filed August 31, 2016

**BOBBY RAY DEVERS,**
  Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
  Respondent-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, Kathleen A.

Kilnoski, Judge.

Bobby Devers appeals the district court's order denying his motion to void

judgments in his prior postconviction-relief actions. **AFFIRMED.**

Marti D. Nerenstone, Council Bluffs, and Justin W. High of High & Younes,

Omaha, Nebraska, until his withdrawal, for appellant.

Thomas J. Miller, Attorney General, and Benjamin Parrott and Heather

Ann Mapes, until her withdrawal, Assistant Attorneys General, for appellee State.

Considered by Vogel, P.J., Potterfield, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, Senior Judge.**

A jury found Bobby Devers guilty of sexual abuse in the first degree, and the district court sentenced him to serve life in prison. This court affirmed Devers's conviction, and procedendo issued in 2005. *See State v. Devers*, No. 04-0478, 2005 WL 724081, at *7 (Iowa Ct. App. Mar. 31, 2005). Devers filed an application for postconviction relief, which was denied by the district court, and this court affirmed the district court's ruling on appeal. *See Devers v. State*, No. 08-0592, 2009 WL 1676643, at *5 (Iowa Ct. App. June 17, 2009). Devers then filed an application for writ of habeas corpus, which was denied by a federal district court. *See Devers v. Fayram*, No. C09-139 EJM, 2011 WL 6328389, at *1 (N.D. Iowa Dec. 16, 2011). Devers filed a second postconviction-relief application, which was denied by the district court under Iowa Code sections 822.3 and 822.8 (2011), and the Iowa Supreme Court dismissed Devers's appeal as frivolous.

Devers then filed a "motion to void judgments in the two previously-filed postconviction-relief applications." The district court entered an order denying Devers's motion as "moot," concluding it "raised the same issues as those addressed in the district court's order granting summary dismissal [on the second postconviction-relief application]."

Devers appeals, claiming the district court erred in denying his motion and that his "due process rights were violated by ineffective assistance of trial, appellate, and postconviction relief counsel as well as the actions of the appellate court," and raising claims of error by the postconviction court.

In essence, Devers is appealing the denial of a postjudgment and postappeal motion to void the judgment. Devers has no right to appeal such an order. Even if we could discern Devers's underlying filing as a motion to vacate judgment, the alternative grounds to vacate a judgment under Iowa Rule of Civil Procedure 1.1012 were not presented to the district court, and the court did not exercise its discretion in ruling on Devers's claim under those grounds (or in finding Devers's challenge to the first postconviction ruling untimely pursuant to the one-year time limitation provided in rule 1.1013); accordingly, any such challenge would not be preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

We affirm the district court's ruling denying Devers's motion to void judgments in his prior postconviction-relief actions.

**AFFIRMED.**