## IN THE COURT OF APPEALS OF IOWA

No. 16-1210
Filed September 28, 2016

**IN THE INTEREST OF J.H., J.H., C.H., and K.H.,
Minor Children,**

**M.E., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Mills County, Gary K. Anderson, District Associate Judge.

A mother appeals from the juvenile court's order terminating her parental rights. **AFFIRMED.**

DeShawne L. Bird-Sell of Sell Law, P.L.C., Glenwood, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Abby L. Davison of the State Public Defender's Office, Council Bluffs, attorney and guardian ad litem for minor children.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

A mother appeals the juvenile court's order terminating her parental rights to her four children: J.A.H., born in 1999; J.G.H., born in 2003; C.H., born in 2004; and K.M.H., born in 2005.[1] The mother generally argues the juvenile court should not have terminated her parental rights because the State failed to prove the statutory grounds for termination by clear and convincing evidence. She specifically argues the State failed to make reasonable efforts to return the children to her care and the juvenile court should not have terminated her parental rights to J.G.H. because he was placed in shelter care at the time of the termination hearing and did not have a prospective adoptive home. She also contends termination is not in the children's best interests and she shares a bond with her children such that termination would be detrimental to them.[2]

We review termination-of-parental-rights proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)). Our primary consideration is the best interests of the children. *See In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

---

[1] The mother has a fifth child who was also adjudicated a child in need of assistance (CINA). The State did not seek termination of the mother's parental rights to this child.
[2] The mother also argues the court should have granted her an additional six months to work toward reunification. The mother did not request an extension of time at the termination hearing. Consequently, she has not preserved error on this issue. *See In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012); *see also Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

"Our review of termination of parental rights under Iowa Code chapter 232 [(2015)] is a three-step analysis." *In re M.W.*, 876 N.W.2d at 219. First, we must determine whether the State established the statutory grounds for termination by clear and convincing evidence. *See* Iowa Code § 232.116(1); *In re M.W.*, 876 N.W.2d at 219. Second, if the State established statutory grounds for termination, we consider whether termination is in the children's best interests under section 232.116(2). *See In re M.W.*, 876 N.W.2d at 219–20. Finally, we consider whether any exceptions under section 232.116(3) weigh against termination. *See id.* at 220.

The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(b), (d), (e), and (f).[3] When a court terminates parental rights on more than one ground, we may affirm the order on any of the statutory grounds supported by clear and convincing evidence. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). Evidence is "clear and convincing 'when there are no "serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence."'" *In re M.W.*, 876 N.W.2d at 219 (alteration in original) (citation omitted).

Iowa Code section 232.116(1)(f) provides the court may terminate a parent's parental rights if the State proves by clear and convincing evidence the child (1) is four years of age or older; (2) has been adjudicated CINA; (3) has been removed from the physical custody of the parent for at least twelve of the last eighteen months, or the last twelve consecutive months and any trial period

---

[3] The juvenile court also terminated the father's parental rights to these four children under the same code section. He does not appeal.

at home has been less than thirty days; and (4) cannot be returned to the parent's custody at the time of the termination hearing.

All four of the children at issue are over the age of four, have been adjudicated CINA, and have been out of their mother's care since June 2014 with no trial periods at home. At the time of the termination hearing in May 2016, the mother was living in Colorado. She had not seen the children in person since September 2015. The mother claims the children could have been returned to her care at the time of the termination hearing because she was employed, had safe and clean housing, and had completed the required counseling. The mother's attorney presented photos of what was supposedly the mother's house in Colorado and documents purporting to contain the mother's employment information from March and April 2016. However, the Iowa Department of Human Services (DHS) was unable to verify this information. The mother's eleventh-hour attempt to prevent termination from two states away from where the children were located does not overcome the years of instability these children have had to endure. "Time is a critical element. A parent cannot wait until the eve of termination, after the statutory time periods for reunification have expired, to begin to express an interest in parenting." *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000).

At the time of the termination hearing, these children had been out of their mother's care for almost two years. The mother had not seen the children in eight months. She had not actively participated in the children's academic, medical, dental, or therapeutic appointments. Furthermore, three of the children who reside together in the same foster home stated they wished to remain with

the foster family and be adopted by them. The fourth child was in shelter care at the time of the hearing due to aggressive behavior issues but stated he wished to return to his previous foster care placement following treatment. This child's foster family wished to support him in his treatment and have him return to their home. The juvenile court is not required to find a child is adoptable in order to terminate parental rights. *In re T.C.*, 522 N.W.2d 106, 109 (Iowa Ct. App. 1994). We will not refuse to terminate the rights of a parent that would otherwise be terminated because an adoptive home has not been secured. *Id.* We cannot ask these children to continuously wait for their mother to become a stable parent. *See In re D.W.*, 791 N.W.2d at 707. These children desire and deserve permanency and stability. "[A]t some point, the rights and needs of the children rise above the rights and needs of the parent." *In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009).

The mother also claims the State failed to prove it offered reasonable efforts as part of its proof the children could not be returned to her care at the time of the termination hearing. *See In re C.B.*, 611 N.W.2d at 493. She specifically claims DHS refused all attempts to reunify the family and further complicated visitation efforts between the mother and her children by allowing placement to remain so far away and by failing to provide any assistance for visits. Iowa Code section 232.102(7) requires the State to make reasonable efforts to reunify the family as quickly as possible after children have been removed from their parent's care and custody. "[T]he reasonable efforts requirement is not viewed as a strict substantive requirement of termination." *In re C.B.*, 611 N.W.2d at 493. What constitutes reasonable efforts varies based on

the circumstances of each individual case.  *In re C.H.*, 652 N.W.2d 144, 147 (Iowa 2002).

DHS offered weekly visitation to the mother beginning immediately after the children's removal and continued to offer visitation to the mother until she moved to Colorado in September 2015, leaving her children behind in placement in Iowa.  Further, although the mother requested a home study be conducted at her home in Colorado in October 2015, at the time of the termination hearing in May 2016, she had not provided DHS with her address, phone number, the number and types of bedrooms in the home, or the names and birthdates of other individuals living in the home, in order for DHS to complete the home study. We find DHS made reasonable efforts toward reunification for this family.

For the reasons stated above, we conclude the State proved the children could not be returned to their mother's care at the time of the termination hearing and affirm under section 232.116(1)(f).  We further find termination of the mother's parental rights is in the children's best interests and none of the permissive factors weigh against termination.  Accordingly, we affirm.

**AFFIRMED.**