# IN THE COURT OF APPEALS OF IOWA

No. 15-0811
Filed December 21, 2016

**DAVID DESHAWN BRADFORD,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

David Bradford appeals the district court's denial of his postconviction relief application. **AFFIRMED.**

Eric D. Tindal of Nidey Erdahl Tindal & Fisher, Williamsburg, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

David Bradford filed a postconviction relief application, raising several challenges to his 2005 conviction for possession of a controlled substance with intent to deliver (second offense and as a habitual offender).[1] The controlled substance was discovered following the stop of a vehicle Bradford was driving. The drug was located in the book bag of a woman in the front passenger seat.

The postconviction relief court held a lengthy evidentiary hearing, after which the court denied the application. On appeal, Bradford contends his trial attorney was ineffective in (1) failing to call a witness in his criminal trial and (2) "failing to address the ineffective assistance of counsel claim concerning plea negotiation." Bradford must show (1) counsel breached an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Our review of these ineffective-assistance-of-counsel claims is de novo. *Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016).

### I.    *Failure to call Witness*

Bradford argues his trial attorney should have called his friend, De'Taris Smith, as a witness. He argues Smith would have confirmed the drugs belonged to the passenger of the vehicle rather than Bradford. And, he asserts, this evidence was known by counsel and indeed "was literally knocking on trial counsel's door."

Smith testified at the postconviction relief hearing. He stated he had phone conversations with the vehicle passenger and encouraged her "to tell the

---

[1] This court affirmed his conviction on direct appeal and preserved an ineffective-assistance-of-counsel claim for postconviction relief. *See State v. Bradford*, No. 05-0778, 2006 WL 1229930, at *1-2 (Iowa Ct. App. Apr. 26, 2006).

truth about what [she was] doing" and her "role in the situation." He said he told a police investigator about these phone calls and tried to call Bradford's attorney "for two weeks straight," without success.

Bradford's attorney testified he recalled Smith by name but not personally. He could not say Smith did or did not call him. He was aware Smith spoke to a police investigator and, during the conversation, referred to Bradford as "a drug dealer." He testified, "I didn't want that coming into trial." He explained, "I don't think he would have helped a thing, based on what I knew."

Counsel acted reasonably and strategically in declining to put Smith on the stand in light of his prior characterization of Bradford as a drug dealer. *See Schrier v. State*, 347 N.W.2d 657, 664 (Iowa 1984) ("[C]ounsel's failure to call these witnesses involved the consistent application of the same trial strategy. . . . He was banking on a directed verdict and did not wish to risk putting witnesses on the stand who might have unexpectedly opened up something which would upset that expectation."). Notably, the postconviction relief court "placed credibility with" the attorney and found Smith's testimony "to not be credible." We give weight to this credibility finding. *See Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). We conclude Bradford failed to prove his trial attorney breached an essential duty.

## II.   *Plea Offer*

Bradford contends the postconviction relief court should have addressed his ineffective-assistance-of-counsel claim concerning a plea offer. In his view, "[t]he record supports the fact that [a] plea offer was made," and "trial counsel failed to accurately advise [him] of his maximum sentence." The postconviction

relief court did not address this issue. Accordingly, we have nothing to review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

We affirm the district court's denial of Bradford's postconviction relief application.

**AFFIRMED.**