Loretta **MEIER**, Appellee,

v.

**Voltaire Senecaut, Defendant,**

and

**Voltaire SENECAUT III, Appellant.**

No. 00–0114.

Supreme Court of Iowa.

Feb. 27, 2002.

534

the issues raised on appeal but further find the district court erred in failing to dismiss the petition based on a claim of abusive delay in service of process which was properly preserved for our review. We reverse the decision of the district court and remand the case for entry of an order of dismissal.

## I. Background Facts and Proceedings.

The proceedings in this case stem from an automobile accident between Loretta Meier and Voltaire Senecaut III (Senecaut III) on May 13, 1997. On January 20, 1999, Meier filed a petition at law seeking damages for injuries she allegedly suffered from the accident. The petition named "Voltaire Senecaut" as the defendant. It did not include the designation "III." Contemporaneously with the filing of the petition, the clerk of court issued an original notice naming "Voltaire Senecaut" as the defendant. The notice listed Senecaut's address as 1449 E. 23rd Street, Des Moines. This was the address of Senecaut III's grandfather, whose name is Voltaire Senecaut (Senecaut). Senecaut III did not live with his grandfather at any time during these proceedings.

In preparing the original notice, counsel for Meier did not use the address listed for Senecaut III in the police report completed following the accident. The police report listed Senecaut III's address as 1904 E. 14th Street, Des Moines, but did not include the designation "III." Instead, Meier's counsel obtained the address used on the original notice from the November 1998/1999 U.S. West telephone directory. The telephone book covered the city of Des Moines and the surrounding area. There was only one listing for "Voltaire Senecaut," and it did not include "III."

Hayward L. Draper and W. Don Brittin, Jr., of Nyemaster, Goode, Voigts, West, Hansell & O'Brien, P.C., Des Moines, for appellant.

Mark S. Pennington of Kutmus & Pennington, P.C., Des Moines, for appellee.

CADY, Justice.

In this interlocutory appeal, we find appellant failed to preserve error on one of

Meier retained a private investigator, Charles Glenn, to serve the notice and petition. Glenn unsuccessfully attempted service at the E. 23rd Street address on thirteen different occasions between January 21, 1999 and March 27, 1999.

On April 19, Glenn discovered Senecaut and his wife were vacationing in Monroe County, Florida. On May 4, counsel for Meier directed the Monroe County Sheriff's office in Florida to serve Senecaut in Florida. Senecaut informed the deputy sheriff who attempted service that the notice was intended for his grandson. He also provided the deputy sheriff with his grandson's address in Iowa. The deputy did not serve Senecaut. In the return of service, the deputy included Senecaut III's new address in Norwalk, Iowa. Although Senecaut III had moved from the E. 14th Street address listed in the police report, he was residing at the Norwalk address at the time the petition was filed. Senecaut III provided his Norwalk address to the United States Post Office in Des Moines when he moved to Norwalk.

Despite notice from the deputy sheriff in Florida concerning the mistake in the identity of Voltaire Senecaut, Meier's counsel again instructed Glenn to serve the original notice and petition at Senecaut's East 23rd Street address in Des Moines. After returning from her Florida vacation on May 18, Senecaut's wife accepted service. However, she immediately called Meier's counsel listed on the original notice to inform him of the mistake in the identity of the two Senecauts. She also provided counsel with her grandson's current Norwalk address, which matched the address provided by the deputy two weeks earlier. Senecaut III lived in an apartment complex in Norwalk with his wife.

Glenn then attempted to serve process on Senecaut's grandson at his apartment in Norwalk. Between May 18 and June 30, Glenn tried to serve Senecaut III approximately twelve times at the Norwalk location. Glenn subsequently made five more unsuccessful attempts to serve Senecaut III at his residence between August 18 and August 25, before finally serving Senecaut III on August 25. The notice served on Senecaut III was an altered photocopy of the original notice issued by the clerk of court on January 20. The E. 23rd Street address had been covered in white-out and replaced with 1121 Main Street # 8, Norwalk. In addition, the notice attached a copy of the January 20 petition.

While Glenn was attempting to serve process on Senecaut III, Senecaut began litigating the action. On June 7, Senecaut filed an answer to the petition. He denied all of Meier's allegations. Furthermore, he responded to Meier's interrogatories and moved for summary judgment. In each of these documents, he consistently contended he was not the owner or the driver of the vehicle involved in the accident.

On September 23, the day prior to the hearing on the motion for summary judgment, Meier's counsel filed a pleading entitled "dismissal." The body of the pleading simply stated Meier dismissed "the above-captioned matter." The next day counsel filed a motion entitled "amended motion to dismiss." In this "motion," Meier asserted she only dismissed the action against the elder Senecaut and clarified that the action would continue to proceed against Senecaut III. Minutes later, counsel filed a second "amended motion to dismiss," explaining the September 23 dismissal was due to a "scrivener's error." Contemporaneously with the second motion, the district court entered an ex parte order reinstating the action against Senecaut III. It found the pleading filed on September 23

that dismissed the case was a mistake attributable to a scrivener's error.

Senecaut III filed a motion to dismiss and to quash service. He contended the district court had no jurisdiction to reinstate the petition after Meier filed the unconditional dismissal of the petition on September 23. He also argued the length of time between the filing of the petition and his service of process constituted abusive delay. Finally, he claimed that service of the altered original notice failed to conform to rule 49(a) and (c).

The district court denied the motion in a lengthy written ruling, but did not specifically address the jurisdictional issue based on the voluntary dismissal of the petition. It found good cause for the delay in service of process and further found that the alteration of the original notice did not deprive the court of its jurisdiction or require that the service be quashed.

We granted Senecaut III's application for interlocutory appeal. He raises the same issues on appeal as he did before the district court. Meier claims Senecaut III failed to preserve error on the reinstatement issue by failing to request a specific ruling.

## II. Standard of Review.

We review a district court's ruling on a motion to dismiss for errors at law. Iowa R.App. P. 4; *Ritz v. Wapello County Bd. of Supervisors*, 595 N.W.2d 786, 789 (Iowa 1999); *McCormick v. Meyer*, 582 N.W.2d 141, 144 (Iowa 1998). Although we are not bound by the district court's legal conclusions, we are bound by the court's findings of fact if they are supported by substantial evidence. *McCormick*, 582 N.W.2d at 144.

## III. Preservation of Error.

We must first consider whether Senecaut III preserved error on his claim that the district court did not have jurisdiction

to reinstate the action following the voluntary dismissal of the petition. He asserts error was preserved when he raised the issue in the motion to dismiss and the district court overruled the motion.

It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal. *Metz v. Amoco Oil Co.*, 581 N.W.2d 597, 600 (Iowa 1998) ("issues must be presented to and passed upon by the district court"); *Peters v. Burlington N. R.R.*, 492 N.W.2d 399, 401 (Iowa 1992) ("issues must be raised and decided by the [district] court"). The reason for this principle relates to the essential symmetry required of our legal system. It is not a sensible exercise of appellate review to analyze facts of an issue "without the benefit of a full record or lower court determination[ ]." *Yee v. City of Escondido*, 503 U.S. 519, 538, 112 S.Ct. 1522, 1534, 118 L.Ed.2d 153, 172 (1992) (quoting *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 552 n. 3, 110 S.Ct. 1331, 1336 n. 3, 108 L.Ed.2d 504, 515 n. 3 (1990)). When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal. *Benavides v. J.C. Penney Life Ins. Co.*, 539 N.W.2d 352, 356 (Iowa 1995); *State Farm Mut. Auto. Ins. Co. v. Pflibsen*, 350 N.W.2d 202, 206 (Iowa 1984).

Senecaut claims he was not required to move for a specific ruling to preserve error on the issue of the jurisdiction of the district court to reinstate the petition for two reasons. First, he claims the rule that allows parties to file motions to enlarge a ruling does not apply to legal issues, such as jurisdiction. Second, he claims the district court necessarily decided the issue by overruling the motion to dismiss. We will

address the two arguments in the order presented.

■ Iowa Rule of Civil Procedure 179(b) permits a party to file a motion to request the district court to amend or enlarge its findings and conclusions, and to enable the court to modify its judgment or enter a new judgment. Iowa R. Civ. P. 179(b). Thus, it is a procedural mechanism that permits parties to request reconsideration of a ruling, and authorizes the court to change its ruling. *See Beck v. Fleener*, 376 N.W.2d 594, 596 (Iowa 1985) (motion for reconsideration was a motion under rule 179(b)); *Peoples Trust & Sav. Bank v. Baird*, 346 N.W.2d 1, 2 (Iowa 1984) (motion for rehearing was in essence motion for enlargement or amended findings). However, a rule 179(b) motion is available only to address " 'a ruling made upon [the] trial of an issue of fact without a jury.' " *Bellach v. IMT Ins. Co.*, 573 N.W.2d 903, 904 (Iowa 1998) (quoting *Kunau v. Miller*, 328 N.W.2d 529, 530 (Iowa 1983)). This does not mean a rule 179(b) motion is not available to challenge an issue of law, but the legal issue must have been addressed by the court in the context of an issue of fact tried by the court without a jury. *See Bellach*, 573 N.W.2d at 905 (a rule 179(b) motion did not toll time to appeal because the motion did not raise a challenge to an issue of fact or to a legal issue reached in the context of an issue of fact); *Peoples Trust & Sav. Bank*, 346 N.W.2d at 2 (rule 179(b) motion is available when it asks the court to reconsider an issue of law pertaining to a fact question presented at a hearing).

■ This limitation on the use of rule 179(b) is derived from the language of rule 179(a), which frames the parameters of the rule by directing the district court to enter written findings and conclusions when "trying an issue of fact without a jury." Iowa R. Civ. P. 179(a); *see Bellach*, 573

N.W.2d at 904; *City of Eldridge v. Caterpillar Tractor Co.*, 270 N.W.2d 637, 640 (Iowa 1978), *overruled on other grounds by Nuzum v. State*, 300 N.W.2d 131, 134 (Iowa 1981). Nevertheless, absent the application of a special rule, a rule 179(b) motion is not available to challenge a ruling that did not involve a factual issue but instead was confined to the determination of a legal question. *See Explore Info. Servs. v. Iowa Ct. Info. System*, 636 N.W.2d 50, 55–57 (Iowa 2001) (rule 179(b) not available to challenge ruling on adjudication of law points involving statutory interpretation); *Bellach*, 573 N.W.2d at 905 (rule 179(b) not available to challenge ruling on post-trial motions involving legal questions); *Easter Lake Estates, Inc. v. Polk County*, 444 N.W.2d 72, 73–74 (Iowa 1989) (rule 179(b) motion ineffective to challenge ruling on adjudication of law points). When a ruling is strictly limited to a question of law, a motion to reconsider amounts to nothing more than a rehash of the legal question. *Explore Info. Servs.*, 636 N.W.2d at 57; *Bellach*, 573 N.W.2d at 905. The difference between the reconsideration of a ruling based on the application of facts to law and a ruling based solely on the law can be significant. A second hearing solely involving a legal issue is merely repetitive. *Kunau*, 328 N.W.2d at 530. It serves little purpose as a court procedure.

■ Nevertheless, this limitation on the use of a rule 179(b) motion does not similarly limit the preservation of error doctrine. Our preservation of error doctrine requires a party to make a request for a ruling, and rule 179(b) establishes a procedure to use under some circumstances to make the request. However, rule 179(b) only establishes a procedure, not a substantive principle of preservation of error. The inapplicability of the rule in some cases does not impact the applicability of

the preservation of error doctrine to all cases.

▬ We recognize that we have repeatedly said that a rule 179(b) motion is necessary to preserve error "when the district court *fails to resolve* an issue, claim, or other legal theory properly submitted for adjudication." *Explore Info. Servs.,* 636 N.W.2d at 57; *accord Arnold v. Lang,* 259 N.W.2d 749, 753 (Iowa 1977) ("[I]t is now well settled a rule 179(b) motion is essential to preservation of error when a trial court fails to resolve an issue, claim, defense, or legal theory properly submitted for adjudication."). However, this was not said to convey the notion that a motion under rule 179(b) controls the preservation of error doctrine. Instead, it means that a motion under rule 179(b) is an essential post-trial procedure when used to preserve error based upon the failure of the district court to resolve an issue. Yet, the preservation of error doctrine does not require the request for a ruling to be made under rule 179(b). There is no procedural rule solely dedicated to the preservation of error doctrine, and a party may use any means to request the court to make a ruling on an issue. Furthermore, we treat a motion by its contents, not its caption. *See Franke v. Junko,* 366 N.W.2d 536, 538 (Iowa 1985) (motion for a new trial can serve as motion to enlarge for purposes of preservation of error if actual substance of motion is to enlarge). Thus, a rule 179(b) motion used to preserve error in a case involving only a legal issue could be an adequate means to preserve error. There is a distinction between the use of a motion under rule 179(b) to challenge a ruling made by the district court and to address the failure of the district court to make a ruling. Our cases that have defined those situations where a rule 179(b) motion is not available to a party relate to efforts by that party to challenge a decision made by

the district court. *See, e.g., Explore Info. Servs.,* 636 N.W.2d at 56–57; *Bellach,* 573 N.W.2d at 905; *Easter Lake Estates, Inc.,* 444 N.W.2d at 74. Thus, even if a rule 179(b) motion is not available to a party to challenge a district court ruling, as Senecaut III alleges in this case, that party must still request a ruling from the district court to preserve error for appeal on an issue presented but not decided.

In this case, Senecaut III did not file a rule 179(b) motion to request a ruling on the unresolved issue or request a ruling by other means. The court was not given an opportunity to address its failure to rule on the issue either by making a ruling or refusing to do so. The preservation of error doctrine was not satisfied.

Nevertheless, Senecaut III further claims the jurisdictional issue was necessarily decided by the district court when the court overruled the motion to dismiss. Thus, we turn to the question whether the issue was adequately raised and decided by the district court despite the failure to file a motion under rule 179(b).

▬ We begin by recognizing our prior cases articulating the appellate principle that we assume the district court rejected each defense to a claim on its merits, even though the district court did not address each defense in its ruling. *See Rushing v. State,* 382 N.W.2d 141, 145 (Iowa 1986); *Brunner v. United Fire & Cas. Co.,* 338 N.W.2d 151, 152 (Iowa 1983). At first blush, this principle would appear to assist Senecaut III in his preservation of error argument. Yet, this assumption that the district court rejected claims not specifically addressed is not a rule of error preservation, but a rule governing our scope of review when an issue is raised and decided by the district court and the record or ruling on appeal contains incomplete findings or conclusions. *See Albert v. Davenport Osteopathic Hosp.,* 385

N.W.2d 237, 239 (Iowa 1986) (assumption guides our proper scope of review); *F.S. Credit Corp. v. Shear Elevator, Inc.*, 377 N.W.2d 227, 232–33 (Iowa 1985) (our review is to determine if evidence supports presumed findings); *Brunner*, 338 N.W.2d at 152 (assumption applied only after assuming error was preserved). It is tied to our long-standing presumption that a district court found facts essential to sustain the judgment, and guides the manner we review the record on appeal. *See Bankers Trust Co. v. Fidata Trust Co.*, 452 N.W.2d 411, 413 (Iowa 1990); *Brichacek v. Hiskey*, 401 N.W.2d 44, 46 (Iowa 1987); *Keokuk County v. Howard*, 42 Iowa 29, 31 (1875). Thus, this assumption is not utilized as a means to preserve error, but only to guide our review of an incomplete or sparse record when preservation of error is not at issue. *See Bankers Trust Co.*, 452 N.W.2d at 413 (we presume court decided facts necessary to support decision in favor of plaintiff when district court failed to explain issue raised and no enlargement of ruling sought); *Brichacek*, 401 N.W.2d at 46 ("we assume as fact an unstated finding that is necessary to support the judgment" when district court failed to make requisite findings of fact and no rule 179(b) motion was filed); *Keokuk County*, 42 Iowa at 31 (where district court could not have reached its conclusion without finding a certain fact, we presume this fact was established). It is not a replacement for the requirement to preserve error and cannot be used in this case to satisfy the preservation of error requirement that an issue on review be first decided by the district court.

We now apply the preservation of error rule to this case. The rule requires a party seeking to appeal an issue presented to, but not considered by, the district court to call to the attention of the district court its failure to decide the issue.[1] *Benavides*, 539 N.W.2d at 356; 19 James Wm. Moore et al., *Moore's Federal Practice* § 205.05[1], at 205–55 (Matthew Bender 3d ed.2001) [hereinafter *Moore's Federal Practice*]. The claim or issue raised does not actually need to be used as the basis for the decision to be preserved, but the record must at least reveal the court was aware of the claim or issue and litigated it. 19 *Moore's Federal Practice* § 205.05[1], at 205–55; *see Linge v. Ralston Purina Co.*, 293 N.W.2d 191, 195–96 (Iowa 1980) (issue not preserved where it was not specifically addressed in the district court ruling and the record and ruling did not infer the issue was decided).

In this case, Senecaut III properly raised the issue regarding the jurisdiction of the court to reinstate the petition. In his motion to dismiss and to quash, he specifically claimed the voluntary dismissal deprived the court of any jurisdiction. Clearly, Senecaut III raised the issue. However, this was not the only issue raised in support of the motion so that the denial of the motion to dismiss by the district court would necessarily mean the issue was considered. Additionally, the record fails to reveal that the jurisdictional issue was considered by the district court through other means. There was no record of the hearing on the motion and the district court did not address the issue in the written ruling on the motion. The district court confined its written ruling to

---

1. This rule also applies to defending appeals. 19 James Wm. Moore et al., *Moore's Federal Practice* § 205.05[1], at 205–57 (Matthew Bender 3d ed.2001). A prevailing party may support the district court judgment on any ground contained in the record, provided that the affirmance on that ground does not alter the rights of the parties established in the judgment. *Id.; see In re Estate of Voss*, 553 N.W.2d 878, 879 n. 1 (Iowa 1996); *Johnston Equip. Corp. v. Indus. Indem.*, 489 N.W.2d 13, 17 (Iowa 1992).

the issues of delay in service of process and the alteration of the original notice. *See Sandbulte v. Farm Bureau Mut. Ins. Co.*, 343 N.W.2d 457, 466 (Iowa 1984) (an alternative argument set forth in a motion not specifically addressed by the district court ruling on the motion was not preserved for review).

■ Under the circumstances, the record fails to show the jurisdictional claim was considered by the district court. Senecaut III failed to call to the attention of the district court its failure to consider the issue, and to give the court an opportunity to pass upon it. Accordingly, the issue is waived.[2] *See Benavides*, 539 N.W.2d at 356.

## IV. Delay in Service of Process.

Iowa Rule of Civil Procedure 49 governs the form, issuance, and service of an original notice. It was recently amended to add subsection (f), which provides "[i]f service of the original notice is not made upon the defendant ... within [ninety] days" after the petition has been filed, "the court, upon motion or its own initiative after notice to the party filing the petition, shall dismiss the action without prejudice as to that defendant ... or direct an alter-

native time or manner of service." Iowa R. Civ. P. 49(f). Additionally, the new rule provides "[i]f the party filing the papers shows good cause for the failure of service, the court shall extend the time for service for an appropriate period." *Id.* When the rule is read in its entirety, the phrase "party filing the papers" necessarily refers to the plaintiff or petitioner. *See id.* 49(b). One of the major changes in the new rule is the imposition of the ninety-day time period to complete service of process. The former rule contained no specific time period.

The amended rule contemplates that the court take action once service has not been accomplished within ninety days from the time the petition is filed. *Id.* 49(f). The type of action directed by the rule is to dismiss the action without prejudice, impose alternative directions for service, or grant extension of time to complete service for an appropriate period of time. *Id.* Extension of time requires a showing of good cause. *Id.*

■ Under the rule, the district court is required to take its action "upon motion or its own initiative after notice to the party filing the petition." *Id.* Thus,

2. Senecaut III does not claim the jurisdictional issue raised on appeal was not subject to the preservation of error rule. We recognize personal jurisdiction may be waived by a party, *EFCO Corp. v. Norman Highway Constructors, Inc.*, 606 N.W.2d 297, 299 (Iowa 2000), but subject matter jurisdiction may be raised at any time. *In re Marriage of Ivins*, 308 N.W.2d 75, 77 (Iowa 1981); *In re Estate of Dull*, 303 N.W.2d 402, 406 (Iowa 1981). Notwithstanding, we believe the jurisdictional question in this case does not involve subject matter jurisdiction but the authority of the court to reinstate the case following a voluntary dismissal. When the voluntary dismissal by a plaintiff did not operate as an adjudication on the merits, we have previously found that it was unnecessary to decide under what circumstances the district court may be au-

thorized to reinstate the case in the exercise of its inherent powers. *See Ryan v. Phoenix Ins. Co.*, 204 Iowa 655, 657, 215 N.W. 749, 750 (1927). Yet, we recognize many courts apply the inherent powers doctrine to authorize the reinstatement of a voluntarily dismissed petition when the dismissal was due to inadvertence or other similar grounds. *See, e.g., Goodman v. Gordon*, 103 Ariz. 538, 447 P.2d 230, 231 (1968); *Harrison v. Weisbrod*, 358 S.W.2d 277, 282–83 (Mo.Ct.App.1962); *Salazar v. Butler & Binion*, 843 S.W.2d 763, 764 (Tex.App.1992); *Seal v. Gwinn*, 119 W.Va. 19, 191 S.E. 860, 862 (1937). Nevertheless, it is sufficient for us to conclude the issue presented was one of authority and Senecaut III waived this issue by failing to preserve it before the district court.

this language permits either the plaintiff or the court to take the initiative. However, we think the rule also enables a defendant who has been served beyond the ninety-day period, in the absence of an order for an extension, to move to dismiss the petition based on unjustified delay in completing service of process. Thus, consistent with our interpretation under the former rule, rule 49(f) requires dismissal of a petition for the unjustified delay in service of process beyond ninety days, and provides for the filing of a motion to dismiss the petition. *See Carroll v. Martir*, 610 N.W.2d 850, 856 (Iowa 2000) (rule 49 interpreted as requiring dismissal for abusive delay). However, we think the new rule simplifies the procedure for courts to follow when confronted with a motion to dismiss for delay in service of process filed by a defendant who has been served more than ninety days after the petition was filed or beyond any extension. Under the prior rule, a two-step analysis was employed. *See id.* at 857. If there had been a delay in service, the court was first required to decide if the delay was presumptively abusive. *Id.* If abusive delay was established, the court was then required to decide if the delay was justified. *Id.* Under our new rule, it is no longer necessary for the court to engage in the first step of the analysis when service has not been made within ninety days and no extension was granted. By allowing the court to dismiss a petition after ninety days, the rule now establishes the standard for presumptive abuse. Thus, courts must now simply decide if the plaintiff has shown justification for the delay.

■■■ We apply the good cause standard to determine justification for delay. *Id.* at 858. Good cause requires that

"[t]he plaintiff must have taken some affirmative action to effectuate service of process upon the defendant or have

been prohibited, through no fault of his [or her] own, from taking such an affirmative action. Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service have generally been waived as insufficient to show good cause. Moreover, intentional nonservice in order to delay the development of a civil action or to allow time for additional information to be gathered prior to 'activating' the lawsuit has been held to fall short of . . . good cause. . . ."

*Id.* (quoting *Henry v. Shober*, 566 N.W.2d 190, 192–93 (Iowa 1997) (quoting *Vincent v. Reynolds Mem'l Hosp., Inc.*, 141 F.R.D. 436, 437–38 (N.D.W.Va.1992))). The district court found good cause for the delay based on the confusion over the identity of the defendant's name and the multiple efforts to accomplish service not only upon Senecaut, but later upon Senecaut III.

We agree Meier made repeated efforts to serve Senecaut and, after realizing the mistaken identity, Senecaut III. We also agree that the initial confusion over the identity of the names could support some delay in service of process. However, there was no substantial evidence in the record to support the conclusion by the district court that the continued delay in service after May 1999 constituted good cause.

■■■ Once Meier learned there were two Senecauts living in the Des Moines area and that the Senecaut who had been served on May 18 was not the Senecaut who was involved in the accident, Meier failed to take reasonable steps to serve the correct Senecaut. In early May 1999, the confusion in the identity of the two Senecauts was revealed and the address of the person Meier intended to serve was known. Yet, service was not completed for more than ninety days. The only explanation Meier could offer for failing to

serve Senecaut III during this period of time was that the process server repeatedly found him to be absent from his home each time service was attempted. Yet, under the circumstances, this was not a satisfactory explanation.

There was no evidence to even suggest Senecaut III was attempting to avoid service or was absent from his home during normal times or for unusually long periods of time. The process server essentially limited the attempts to serve Senecaut III during those times when working family members would be expected to be at work. There was no evidence of any effort by Meier to telephone Senecaut III at his home or contact him in any other way. Additionally, Meier made no effort to serve Senecaut III at his address between June 30 and August 18, 1999. Finally, Meier failed to seek directions from the court during this period of time.

Under the circumstances, Meier failed to present substantial evidence of good cause. We emphasize rule 49 requires service within ninety days and requires the plaintiff to take affirmative action to obtain an extension or directions from the court if service cannot be accomplished. Meier did neither. Moreover, Meier failed to justify her inability to accomplish service of process after the confusion between the identities of the two Senecauts was clarified and she obtained the correct address for Senecaut III. *See id.* at 858–59 (no justification for prolonged delay in service after location of defendant was obtained). It was not enough for Meier to merely attempt service at Senecaut III's residence during times when working residents would be expected to be at work. Meier made no other efforts to accomplish service, which rendered the efforts made insufficient to justify the prolonged delay. Accordingly, the district court erred in finding good cause and in failing to dismiss the petition. Because we find the district court should have dismissed the petition based upon delay in service of process, it is unnecessary for us to address the claim involving the altered original notice.

## V. Conclusion.

The district court erred as a matter of law in failing to grant the motion to dismiss filed by Senecaut III. We reverse the decision of the district court and remand the case for entry of an order dismissing the petition.

**REVERSED AND REMANDED.**