# IN THE COURT OF APPEALS OF IOWA

No. 17-0373
Filed January 10, 2018

**BRANDY LEE COLEMAN**
**f/k/a BRANDY LEE JOHNSON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Stuart P. Werling,

Judge.

Brandy Coleman appeals the district court's denial of her postconviction-

relief application.  **AFFIRMED.**

Les M. Blair III of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant

Attorney General, for appellee State.

Considered by Danilson, C.J., Mullins, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**MULLINS, Judge.**

Brandy Coleman appeals the district court's denial of her postconviction-relief (PCR) application. She contends the district court erred in denying her application because the indeterminate fifty-year prison sentence entered upon her conviction amounts to cruel and unusual punishment in violation of the United States and Iowa Constitutions.[1]

In 1996, a jury found Coleman guilty of possession of crack cocaine with intent to deliver while in possession of a firearm—the district court sentenced her to a term of imprisonment not to exceed fifty years but waived the mandatory minimum sentence.[2] *See* Iowa Code §§ 124.401(1)(b)(3), (e); 902.7; 902.9(1) (1995). She was seventeen years old at the time of sentencing.

Coleman served approximately three years and nine months of her sentence before she was granted parole. Her parole was subsequently revoked, twice, as a result of four felony drug convictions and at least one assault conviction. In November 2014, Coleman filed a PCR application requesting relief on a number of grounds. She subsequently amended her application to include a specific argument that her sentence was unconstitutional as cruel and unusual punishment.

---

[1] Coleman also argues her sentence violates Equal Protection, contending it renders her similarly situated to youthful offenders who are subjected to mandatory minimum terms of imprisonment. This argument was not raised below, and we therefore do not consider it on appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

[2] Coleman was also convicted of a tax-stamp violation. On that count, the district court sentenced her to imprisonment for a period not to exceed five years, to run concurrently with the sentence imposed on the possession charge.

In its ruling, the district court recognized the sole legal issue was whether Coleman's fifty-year, indeterminate prison sentence with no mandatory minimum is a violation of *State v. Lyle*, 854 N.W.2d 378, 382 (Iowa 2014), and its progeny. The court concluded Coleman's sentence was not in violation of precedent and, therefore, denied Coleman's PCR application. This appeal followed.

An unconstitutional sentence is an illegal sentence and may be corrected at any time. *Lyle*, 854 N.W.2d at 382. "Although challenges to illegal sentences are ordinarily reviewed for correction of legal errors, we review an allegedly unconstitutional sentence de novo." *Id.*

Coleman primarily relies on *Lyle*, which stands for the proposition that "all mandatory minimum sentences of imprisonment for youthful offenders are unconstitutional under the cruel and unusual punishment clause in article I, section 17 of our constitution." *Id.* at 400. Coleman concedes she was not sentenced to a mandatory minimum term of imprisonment but argues she was subjected to a "really long" prison sentence that amounts to cruel and unusual punishment because she was a juvenile at the time of her criminal act.

One of *Lyle*'s specific teachings is that "juveniles can still be sentenced to long terms of imprisonment, but not mandatorily." *Id.* at 401. It is the mandatory nature of the punishment that offends constitutional protections, not the length of the sentence. *Id.* (discussing *Miller v. Alabama*, 567 U.S. 460 (2012)). Simply stated, the constitution "does not prohibit judges from sentencing juveniles to prison for the length of time identified by the legislature for the crime committed," it "only prohibits . . . mandatory sentences for juveniles." *Id.* at 403. The Iowa Supreme Court recently declined to expand *Lyle* to cases in which a youthful

offender "has no mandatory minimum period of incarceration and . . . is immediately eligible for parole." *State v. Propps*, 897 N.W.2d 91, 101 (Iowa 2017). Further, the imposition of long terms of parole does not amount to cruel and unusual punishment. *See State v. Graham*, 897 N.W.2d 476, 487–88 (Iowa 2017).

In light of our supreme court's controlling precedent on the issue, we affirm the district court's denial of Coleman's PCR application. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court precedent.").

**AFFIRMED.**