# IN THE COURT OF APPEALS OF IOWA

No. 18-1802
Filed July 24, 2019

**JOHN DZIAN,**
    Plaintiff-Appellant,

**vs.**

**MENARD, INC.,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Clay County, David A. Lester, Judge.


John Dzian appeals from the dismissal of his tort claim.  **AFFIRMED.**


Francis E. Younes of High & Younes, LLC, Omaha, Nebraska, for appellant.

Stephen G. Kersten, Fort Dodge, for appellee.


Considered by Mullins, P.J., Bower, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**GAMBLE, Senior Judge.**

John Dzian appeals the district court's pre-answer dismissal of his tort petition against Menard, Inc. We affirm.

In January 2018,[1] Dzian filed a petition alleging he suffered injuries outside a Menard, Inc. store when he slipped and fell in 2016 while working for a trucking company. On June 1, the district court entered an order containing the following language:

> A review of the file reflects that there is no return of service or acceptance of service on file. Iowa Rule of Civil Procedure 1.302(5) provides that if service is not made within 90 days after filing the petition, the court, after notice to the party filing the petition, shall dismiss the action without prejudice. Accordingly, the court concludes that if proof of service is not filed within 30 days from the filing of this order, the action shall be deemed dismissed by the clerk, without further action by the court.

On June 29, Dzian filed a return of service indicating he served Menard, Inc.'s registered agent on June 28. Menard, Inc. then filed a pre-answer motion to dismiss citing Dzian's failure to provide service within the ninety-day mandate of rule 1.302(5). Following a hearing on the issue, the court issued a written ruling dismissing the petition without prejudice. Dzian now appeals.

"We review decisions by the district court to grant a motion to dismiss for correction of errors at law." *Rucker v. Taylor*, 828 N.W.2d 595, 598 (Iowa 2013). When the grounds for a motion to dismiss "are based on an alleged failure to provide timely service within the required time frame . . . , [the] court is permitted to consider facts outside the pleadings." *See id.* at 598–99. When the district court

---

[1] Dzian attempted to file his petition on January 10, 2018, but it was returned as not filed. His petition was then filed with EDMS on January 23, 2018.

makes findings of fact, those findings "'are binding on appeal unless not supported by substantial evidence.' We are not bound, however, by either the legal conclusions or application of legal principles reached by the district court." *See id.* at 599 (citation omitted).

We first note Dzian fundamentally misconstrues the court's June 1 order. He misreads the order to grant him an additional thirty days to accomplish service. Rather, the order permitted him thirty days to provide the court proof he accomplished service within ninety days of the petition's filing. It in no way granted an extension of the service deadline. Moreover, we note Dzian never requested any such extension.

Following untimely service, a defendant has the right to move for dismissal on this basis. *Id.* at 599; *Meier v. Senecaut*, 641 N.W.2d 532, 542 (Iowa 2002). In response, the plaintiff may "assert good cause for delay in service in a resistance to a motion to dismiss." *Rucker*, 828 N.W.2d at 599; *accord Meier*, 641 N.W.2d at 542. A plaintiff's failure to serve the defendant within the ninety-day deadline is presumptively abusive and shifts the burden to the plaintiff to demonstrate good cause to avoid dismissal. *See Meier*, 641 N.W.2d at 542.

Dzian cites his ongoing efforts to resolve his worker's compensation case arising from the same incident and negotiations with his employer's workers' compensation carrier regarding representation concerning its lien filed in this proceeding as good cause for delayed service. However, Dzian does not clarify how those negotiations would prevent him from providing Menard, Inc. with service. There is no convincing reason why Dzian could not serve a third-party tortfeasor while he wrapped up his worker's compensation claim.

Generally, good cause requires a plaintiff to take some steps to complete service or be prevented from doing so by another. *See Meier*, 641 N.W.2d at 542. Additionally, express or implied agreements to delay service between the parties may also serve as good cause. *See Wilson v. Ribbens*, 678 N.W.2d 417, 422 (Iowa 2004) (holding an express agreement is good cause for delay in service); *see also Rucker*, 828 N.W.2d at 601 ("[T]he holding of *Wilson* applies equally to implied agreements."). Here, Dzian provides nothing to suggest he took steps to complete service, was prevented from completing service by another, or entered into any agreement, express or implied, to delay service with Menard, Inc. As a result, we conclude Dzian failed to prove good cause delayed service.

Because Dzian cannot establish good cause for the delay in service, we conclude the district court properly granted the pre-answer motion to dismiss. We acknowledge this dismissal effectively ends Dzian's claim because the statute of limitations has run on his claim. The district court concluded,

> [S]uch a result is justified in order to avoid undermining the purpose of Iowa R. Civ. P. 1.302(5) to ensure cases are timely processed once they have been filed, and not simply left sitting unprosecuted while, as in this case, Plaintiff works to resolve another claim against an unnamed party before pursuing his claim against the named defendant in this case.

We agree. While the ninety-day service deadline is not intended to serve as "an instrument of oppression," we will enforce it nonetheless when the failure to provide service is the result of "mere inadvertence," as evidenced here by a lack of attempted service, barriers to service, or agreements to delay service. *Cf. Rucker*, 828 N.W.2d at 604 (citations omitted) ("Therefore, federal courts limit the 'harsh sanction' of dismissal (even a nonprejudicial one) to cases 'in which non-

service was the result of mere inadvertence.'"). In this case, Dzian's inadvertence was compounded by his misapprehension of the rule and the court order.

The findings of the district court are supported by substantial evidence. There is no error of law.

**AFFIRMED.**