**IN THE COURT OF APPEALS OF IOWA**

No. 21-1478
Filed January 25, 2023

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**DANNY GENE MORRIS JR.,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Jefferson County, Mary Ann Brown,

Judge.

　　　A defendant appeals his conviction of driving with a revoked license.

**AFFIRMED.**

　　　Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant.

　　　Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.

　　　Considered by Bower, C.J., and Greer and Badding, JJ.

**GREER, Judge.**

Danny Morris Jr. appeals his conviction of driving with a suspended, denied, revoked, or barred license in violation of Iowa Code section 321J.21 (2019). Specifically, Morris claims his federal and state constitutional right to confront witnesses against him were violated. *See* U.S. Const. amend. VI; Iowa Const. art. I, § 10.

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Morris rightly admits that he did not preserve error on the issues he now raises; instead, he urges us to adopt plain error review to reach them. But, our supreme court has "repeatedly rejected plain error review," *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021), and "[w]e are not at liberty to overrule controlling supreme court precedent," *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). As error was not preserved and we cannot employ plain error review, we affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(c), (e).

**AFFIRMED.**