# IN THE COURT OF APPEALS OF IOWA

No. 23-1669
Filed October 30, 2024

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**SHAWN ALVIN KRUG,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Kossuth County, Ann M. Gales, Judge.

A defendant appeals his convictions on speedy trial grounds. **AFFIRMED.**

Michael J. Jacobsma of Jacobsma Law Firm, P.C., Orange City, for appellant.

Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney General, for appellee.

Considered by Greer, P.J., and Ahlers and Badding, JJ.

**BADDING, Judge.**

Shawn Krug was arrested after a dispute with his neighbors led to a standoff with the police. The State filed a trial information on March 15, 2023, charging him with multiple crimes. In a written arraignment, Krug pled not guilty to the charges against him and demanded speedy trial under Iowa Rule of Criminal Procedure 2.33(2)(b).

Trial was set for May 23—well before the ninety-day speedy trial deadline of June 13. At a final pretrial conference the morning of trial, the district court "developed serious concerns about the defendant's competency to stand trial as a result of his irrational and nonsensical statements, his agitated and confused demeanor, and his pressured speech." The court also knew that Krug had a history of mental illness, having ordered competency evaluations for him "twice within the past year in different criminal cases." Based on those concerns, the court found "probable cause to believe the defendant is presently suffering from a mental disorder which prevents him from appreciating the charges, understanding the proceedings, and assisting effectively in the defense." *See* Iowa Code § 812.3(1) (2023). The court suspended the proceedings and ordered Krug to undergo a psychiatric evaluation. *See id.* § 812.3(2).

A letter from Krug was filed with the court on July 3, asking that his case be dismissed because his evaluation wasn't performed before the speedy trial deadline. The court instructed Krug to "direct his questions to his attorney," who would then "determine whether any motions or other filings are appropriate." *See id.* § 814.6A (prohibiting a defendant who is currently represented by counsel from filing any pro se document with the court). And the court reiterated that the

proceedings were stayed until the evaluation was performed. Krug sent another letter about his speedy trial rights a couple weeks later, with the same response from the court.

Krug's psychiatric evaluation, which found him competent to stand trial, was filed on July 20. Following a telephone conference with the parties, the court lifted the stay and reset the trial. The court's order noted that defense counsel "calculated that the 90-day speedy trial deadline will run 21 days after the evaluation report was filed—i.e., on August 10, 2023." So, with the consent of the prosecutor and defense counsel, the court scheduled Krug's trial for August 8, 2023. A few days before trial, the court entered an order denying defense counsel's oral motion to dismiss the proceedings on speedy trial grounds. Krug's case proceeded to trial, where the jury found him guilty as charged.

Krug appeals, claiming his ninety-day speedy trial right "was violated when the [S]tate delayed [his] court ordered competency evaluation 52 days beyond the court's order." He argues that "no good cause existed to delay [his] trial as long as it did." At the outset, we disagree with the State that error was not preserved on Krug's claim—defense counsel made an oral motion to dismiss at the final pretrial conference, which the district court denied. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). But we agree with the State that Krug's claim fails on its merits.

In applying Iowa Rule of Criminal Procedure 2.33(2)(b), our supreme court has "recognized that, if trial does not commence within ninety days of the filing of the charging instrument, the charge must be dismissed unless the State proves (1) defendant's waiver of speedy trial, (2) delay attributable to the defendant, or (3)

good cause for the delay." *State v. Campbell*, 714 N.W.2d 622, 627–28 (Iowa 2006) (cleaned up). We need not address the first two issues because the last is dispositive.

As this court found in *State v. McCullough*, No. 10-0165, 2010 WL 8607565, at *3–4 (Iowa Ct. App. Sept. 22, 2010), good cause exists for a delay like this one under Iowa Code section 812.4(1), which provides that "speedy trial shall be tolled until the court finds the defendant competent to stand trial." *See also* Iowa Code § 812.3(2) ("Upon a finding of probable cause sustaining the allegations, the court shall suspend further criminal proceedings and order the defendant to undergo a psychiatric evaluation . . . ."); *State v. Cox*, No. 10-0829, 2011 WL 486543, at *4 (Iowa Ct. App. Feb. 9, 2011) ("[W]here a defendant may be incompetent, the legislature has specifically provided that proceedings are to be suspended and the speedy trial deadlines tolled.").

Because "the speedy trial clock stops ticking" under section 812.3(2) "when proceedings are suspended to determine a defendant's competency to stand trial and does not resume 'until the court finds the defendant competent to stand trial,'" we conclude the district court did not abuse its discretion in denying Krug's motion to dismiss. *Cox*, 2011 WL 486543, at *7 (quoting Iowa Code § 812.4(1)); *accord State v. Jordan*, No. 12-0212, 2014 WL 3749335, at *2–3 (Iowa Ct. App. July 30, 2014); *State v. Goemaat*, No. 10-0405, 2011 WL 444029, at *2 (Iowa Ct. App. Feb. 9, 2011).

**AFFIRMED.**