# IN THE COURT OF APPEALS OF IOWA

————————

No. 25-0875
Filed April 1, 2026

————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Breon Marquis Allen,**
Defendant–Appellant.

————————

Appeal from the Iowa District Court for Scott County,
The Honorable Meghan Corbin, Judge.

————————

**AFFIRMED**

————————

Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, attorney for
appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney
General, attorneys for appellee.

————————

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Sandy, J.

1

**SANDY, Judge.**

This case demonstrates that we cannot review an issue that was never raised before—or considered by—the district court. Accordingly, we affirm.

## BACKGROUND FACTS AND PROCEDURE

In the early morning hours of January 26, 2023, officers from the Davenport Police Department responded to a report of a domestic disturbance at the home of Breon and Marissa Allen. When the officers arrived, Marissa told them that her husband (hereinafter, "Allen") was upstairs and had an outstanding warrant. Marissa also told the officers that Allen had a gun inside a black Nike bag next to his bed. Marissa further identified Allen's car parked nearby, a red 2014 Chevrolet Impala. The officers entered the upstairs bedroom and found Allen sitting on the bed. They did not see a black Nike bag or a firearm in the bedroom. The officers confirmed Allen's active warrant and arrested him.

Marissa gave the officers permission to search the home, but Sergeant Ann Sievert applied for a search warrant for both the residence and Allen's car. The warrant application sought authorization to search for firearms, ammunition, and related items, as well as relevant documents. The narrative that was presented in the warrant application provides:

> On 1/26/2023, at approximately 0246 hours, officers responded to 911 open line possible domestic assault report at [Allen and Marissa's home]. During this incident officers were informed by Marissa Allen aka Marissa Carlson . . . that her husband Breon M. Allen . . . was upstairs and had a warrant for his arrest. She also informed officers when they arrived that Breon Allen carries a black Nike bag with a handgun inside. Officers arrested Allen on his valid arrest warrant for driving while barred. At the time of the arrest Allen would not cooperate with officers in reference to questioning.
>
> . . . .

At approximately 0700 hours on 1/26/2023 officers responded back to [Allen and Marissa's home] and made contact again with Marissa Allen aka Marissa Carlson. Marissa again stated that Allen carries a black Nike crossbody bag with a black gun. She believes he arrived home with the bag at around 10:50 p.m. Once officers removed Allen from the residence she advised she did look for the bag but was unable to locate it. She believes he may have hidden it in the residence. Marissa also advised the location of Allen's vehicle . . . which was parked on Grand Ave South E 14th St near the residence, Marissa advised since Allen was taken into custody no other person has removed anything from the residence. Marissa also stated that she and Breon were legally married and he has been living at the residence since December 2022.

The officers obtained a search warrant and found a black Nike bag inside of "a rolled up piece of carpet" on the back porch. The bag contained "drug paraphernalia and a pistol." Allen was charged with being a felon in possession of a firearm.

Allen moved to suppress that evidence. In his motion, Allen argued that "officers [k]new that statements by [Marissa], on which the application was based, to be false, based upon their search of [the] bedroom at about 3 am that same day." The State resisted, arguing that Marissa consented to the search of their shared home, and there were no false or misleading statements in the search-warrant application.

After an unreported hearing, the district court denied Allen's motion to suppress, and Allen entered a conditional guilty plea.[1] This appeal follows.

---

[1] Neither party challenges our jurisdiction to hear this appeal. *See* Iowa R. Crim. P. 2.8(2)(b)(9) ("[A] defendant may enter a conditional plea of guilty, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. A defendant who prevails on appeal may then withdraw the plea.").

## STANDARD OF REVIEW

"We review suppression rulings raising constitutional questions de novo." *State v. Harbach*, 3 N.W.3d 209, 217 (Iowa 2024). "When a defendant challenges a warrant as lacking probable cause, we review the information actually presented to the judge and determine whether the issuing judge had a substantial basis for concluding that probable cause existed." *Id.* (internal quotation marks and citation omitted).

## DISCUSSION

### I. Error Preservation.

Allen argues on appeal that Marissa's credibility as an informant was "highly questionable" as she was motivated by "personal animosity" after her fight with Allen. Allen claims the warrant application failed to establish probable cause because it did not corroborate Marissa's reliability as an informant. The State argues, however, that the district court never considered or ruled on any claim that Marissa Allen was unreliable, or that the warrant application failed to establish probable cause because it did not corroborate her reliability.

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *State v. Hanes*, 981 N.W.2d 454, 460 (Iowa 2022) (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002)). "Litigants may not raise issues—including constitutional issues—for the first time in an appeal." *State v. McClain*, 20 N.W.3d 488, 495-96 (Iowa 2025) (quoting *State v. Tucker*, 982 N.W.2d 645, 653 (Iowa 2022)).

Allen's motion to suppress argued that "officers already [k]new the statements by [Marissa], on which the application was based, to be false,

based upon their search of [Allen]'s bedroom at about 3 am that same day." The district court's order found "that the application for search warrant did not allege the same statement argued by defense counsel," and found there was "probable cause to support the search warrant." Allen's argument in his motion to suppress would put the burden on him to establish an intentional or reckless misrepresentation to the judicial officer who issued the search warrant[2] *State v. Baker*, 925 N.W.2d 602, 614 (Iowa 2019) (citations omitted).

This differs from Allen's argument on appeal, which requires us to evaluate a citizen informant's reliability by conducting "a common-sense analysis of the totality of the circumstances." *State v. Niehaus*, 452 N.W.2d 184, 189 (Iowa 1990).

---

[2] To overcome the presumption that affiants included in search warrants are truthful, a defendant challenging the veracity of a warrant application must make a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Harbach*, 3 N.W.3d at 218; *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). If a preliminary showing is made at a motion to suppress hearing pursuant to Iowa Rule of Criminal Procedure 2.12(1), the court must hold a separate "*Franks* hearing" upon request, where evidence showing whether statements are knowingly or recklessly false may be presented. *Franks*, 438 U.S. at 155-56. While Allen argues in his motion to suppress that police officers knew they relied upon a false statement in the affidavit for a search warrant, the record does not show that Allen ever requested a *Franks* hearing, and he does not now argue that he was deprived of one below.

We note that *Franks*, which held that the fruits of a warrant based upon material misstatements of a law enforcement officer may be suppressed, applies only to false statements by the affiant that were made "knowingly and intentionally, or with reckless disregard for the truth." *See id.*; *Harbach*, 3 N.W.3d at 209. Police officers are not required to include facts that may cast doubt on probable cause in the application for a search warrant, but an omission becomes a factual misrepresentation if the omitted facts "cast doubt on the existence of probable cause." *State v. Green*, 540 N.W.2d 649, 657 (Iowa 1995) (citation omitted).

These two theories rely on different standards and different means to prove a search warrant lacked probable cause. If Allen had raised the present theory below, the district court would have evaluated Marissa's basis for her knowledge rather than whether the police relied on a false statement in their application for a search warrant. Allen failed to preserve error by raising a different issue on appeal than he raised in his written motion to suppress. The issue is thus not preserved for our review. *See McClain*, 20 N.W.3d at 496.

## II. Merits.

Even if we are to assume without deciding that error is preserved, an analysis of the merits would reach the same result. Allen argues that the search warrant lacked probable cause because Marissa, acting as a citizen informant to the police, lacked credibility as she was motivated by "personal animosity" after her fight with Allen. Allen further claims there was a "lack of corroboration" of Marissa's information after the officers did not initially find the black Nike bag in the bedroom.

We note that "information imparted by a citizen informant is generally reliable." *Niehaus*, 452 N.W.2d at 189. "[T]he reliability of a citizen informant is generally shown by the very nature of the circumstances under which the incriminating information became known." *Id.* (internal quotation marks and citation omitted). "[A] common-sense analysis of the totality of the circumstances must be applied to assess the reliability of the information." *Id.*

Marissa's knowledge of the bag containing a firearm stems from the fact she was married to Allen and lived in the same home as him. She identified Allen's car and knew where he had parked it. She knew where Allen was in the house when the police arrived and that he had a separate outstanding warrant for his arrest. Marissa's corroboration of details,

6

incriminating or otherwise, "served to strengthen [her] veracity and basis of knowledge." *See State v. Weir*, 414 N.W.2d 327, 332 (Iowa 1987).

In sum, Allen did not preserve this issue. But even if he had, the totality of the circumstances would show that Marissa's information was reliable when she provided it to the police.

**AFFIRMED.**