# IN THE COURT OF APPEALS OF IOWA

No. 19-1733
Filed June 3, 2020

IN THE INTEREST OF O.P., O.P., R.P., and L.P.,
Minor Children,

J.P., Father,
    Appellant.

_____

Appeal from the Iowa District Court for Warren County, Brendan Greiner,

District Associate Judge.

A father appeals the termination of his parental rights to four children.

**AFFIRMED.**

Jeremy M. Evans of Carr Law Firm, P.L.C., Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

M. Kathryn Miller of Juvenile Public Defender, Des Moines, attorney and

guardian ad litem for minor children.

Tara M. Elcock of Elcock Law Firm, PLC, Indianola, for mother.

Considered by Mullins, P.J., May, J., and Blane, S.J.*

**BLANE, Senior Judge.**

J.P., the father of four children (Or.P, Op.P, R.P., and L.P.[1]) appeals the termination of his parental rights. The juvenile court found the State proved the statutory grounds for termination under Iowa Code section 232.116(1)(f) and (h) (2019). J.P.'s only preserved contention is that the department of human services (DHS) failed to make reasonable efforts toward reunification because it failed to give J.P. phone calls with the children while he was incarcerated. Finding DHS made reasonable efforts, we affirm.

We review termination orders de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). We are not bound by the juvenile court's fact findings but we give them weight, particularly regarding witness credibility. *Id.*

Iowa Code section 232.102(7) requires the DHS to "make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child." *See In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). "The State must show reasonable efforts as a part of its ultimate proof the child cannot be safely returned to the care of a parent." *Id.* The reasonable-efforts requirement is not "a strict substantive requirement of termination." *Id.* But when relying on paragraphs (f) and (h) as the grounds for termination, as it did here, the State must show the DHS made reasonable efforts toward reunification as part of its ultimate burden of proof. *See In re L.T.*, 924 N.W.2d 521, 527 (Iowa 2019).

First, although J.P. asks in appellate briefing for additional time to work toward reunification, the State argues the issue was not preserved for appellate

---

[1] At the time of the hearing, the children were ages four, three, two, and one year old.

review. J.P. does not state where in the record he preserved this issue. On our review, we determine he did not make an extension request during the termination hearing, and the juvenile court did not address the issue. Therefore, we conclude J.P. did not preserve error. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Second, the State contends J.P. failed to preserve error on his reasonable-efforts claim because he failed to raise it before the termination hearing. *See In re S.R.*, 600 N.W.2d 63, 65 (Iowa Ct. App. 1999) (finding, to preserve error, the parent must "demand other, different or additional services prior to the termination hearing"). In fact, the court continued the original date of the termination hearing, with the agreement of all parties, because it learned J.P. had requested and not yet received phone calls with the children while in the prison where he was incarcerated. We will assume without deciding that this course of action was sufficient to notify the court of J.P.'s request for additional phone visitation prior to the termination hearing. See *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002) ("[V]oicing complaints regarding the adequacy of services to a social worker is not sufficient. A parent must inform the juvenile court of such challenge[s]."). Nonetheless, J.P.'s subsequent conduct rendered it nearly impossible for DHS to grant his request and leads us to conclude DHS's efforts were reasonable.

The original termination hearing was scheduled for June 3, 2019. J.P. was then in prison and had been in prison since August 2018. The June 3 hearing was continued to September, and the social worker attempted to set up phone calls

between J.P. and the children through his counselor at the Newton Correctional Facility. The worker did not hear back from the counselor, and J.P. was released from the prison in early July. His parole was conditioned on placement to the Salvation Army. The social worker immediately attempted to contact J.P. to set up visitation, but after only a couple days of release, J.P. had absconded from the Salvation Army. The social worker tried an alternate phone number J.P. had provided but found it was an incorrect number.

In late July, J.P. was apprehended and returned to the Newton facility. The social worker again attempted to contact J.P.'s prison counselor, but the department of corrections transferred J.P. to the Mount Pleasant facility. Within a couple weeks of the termination hearing, the social worker had made contact with J.P.'s new counselor but had not yet established phone calls.

"[W]hat constitutes reasonable services varies based upon the requirements of each individual case." *Id.* at 147. In this case, we find DHS made reasonable efforts. DHS's efforts were hindered by J.P.'s late request for contact with his four young children. Although he was released from prison within a matter of weeks, he chose to abscond from the release program and ended up on the run and beyond contact with DHS and his children. After he was apprehended and returned to prison, the department of corrections moved him to a different facility where the DHS had to establish contact with a new counselor and had not been able to set up phone calls before the continued termination hearing. The social worker acted reasonably in attempting to contact J.P. in two different prisons, at his request. He had an opportunity to re-establish face-to-face contact but foiled that by absconding. DHS's efforts were reasonable in attempting to provide this

requested service.  Therefore, we affirm the order terminating J.P.'s parental rights.

**AFFIRMED.**