# IN THE COURT OF APPEALS OF IOWA

No. 19-1602
Filed July 21, 2021

**TRAVARIS JAMES CHANCELLOR,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Samantha Gronewald, Judge.

Travaris Chancellor appeals the grant of summary judgment dismissing his second application for postconviction relief. **AFFIRMED.**

Alexander Smith of Parrish Kruidenier Dunn Gentry Brown Bergmann & Messamer L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Mullins, P.J., Ahlers, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**VOGEL, Senior Judge.**

Travaris Chancellor appeals the grant of summary judgment dismissing his second application for postconviction relief (PCR). We previously affirmed his conviction for two counts of murder in the second degree. *See State v. Chancellor*, No. 10-0930, 2011 WL 3481006, at *2 (Iowa Ct. App. Aug. 10, 2011). Procedendo for his direct appeal issued on October 25, 2011. Chancellor filed his first PCR application on October 17, 2012. The district court denied his first application after a PCR trial, and we affirmed the denial on appeal. *See Chancellor v. State*, No. 16-0956, 2017 WL 4315039, at *3 (Iowa Ct. App. Sept. 27, 2017). Procedendo for this appeal issued on November 29, 2017.

On January 17, 2019, Chancellor filed this, his second PCR application. After supplementing his application, Chancellor alleged "new evidence exists relating to the testimony of several key witnesses from the trial that was not available at the time of trial" and his counsel was ineffective for failing to obtain this evidence prior to trial. The State moved for summary judgment, arguing Chancellor's application was time barred. The court agreed and granted summary judgment. Chancellor appeals.

"We review summary dismissals of [PCR] applications for errors at law." *Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3). "We view the record in the light most

favorable to the nonmoving party," drawing "all legitimate inferences from the evidence in favor of the nonmoving party." *Schmidt*, 909 N.W.2d at 784.

Generally, a PCR application must "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3 (2019). There is no dispute Chancellor filed this 2019 PCR application more than three years after procedendo issued, in 2011, on his direct appeal. "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." *Id.*

At the time of summary judgment, the only new evidence in the record was a one-page "interview summary," drafted by a private investigator purporting to show that a witness from the criminal trial may be willing to provide additional testimony conflicting with the witness's earlier trial testimony. At the 2009 trial, the witness testified Chancellor's acts were clearly intentional, but the summary suggested the witness may now claim the acts were unintentional. The PCR court found

> nothing in the record to suggest that these arguments [of newly discovered evidence] could not have been advanced within three years from the date of the writ of procedendo. There is also nothing in the record demonstrating a sufficient reason for these arguments having not been asserted in Applicant's first [PCR application].[1]

---

[1] The district court held the PCR hearing on July 3, 2019. At the time of the hearing, Chancellor had not yet located the witness, though third-parties informed him of the substance of the testimony the witness would recant. The court left the record open to allow Chancellor to submit additional information, and he submitted the "interview summary" on July 31. However, the court appeared to overlook the "interview summary," as the August 21 ruling does not mention it, and the court found Chancellor's "speculation regarding an unnamed witness who has yet to be located possibly recanting his/her trial testimony is not sufficient to generate a genuine issue of material fact." After filing his notice of appeal, Chancellor filed a

Depending on the facts of the case, a witness's statement after trial may qualify as evidence that could not have been raised within the three-year period. *See Harrington v. State*, 659 N.W.2d 509, 521 (Iowa 2003). However, nothing in the investigator's summary contains an indication the witness would have been unable to give the summarized testimony at trial. As the State noted, at the first PCR trial in 2016, Chancellor testified that the witness "always told me that she told her family it was an accident." Because Chancellor knew that the witness's story may be in conflict with her trial testimony, there is no new evidence that could not have been raised within the applicable time period. Chancellor's PCR application is time barred by section 822.3.

Chancellor also maintains his PCR application is timely under *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018). Because the district court did not decide his *Allison* argument, it is not preserved for our review. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002)).

---

motion for limited remand seeking a specific ruling on whether the information in the "interview summary" could have been raised within the limitations period. Our supreme court denied the motion for remand in a single-justice order and after a three-justice review. For our purposes on appeal, we assume the "interview summary," which was included in the appellate filings, is properly in the record when evaluating whether Chancellor presented a ground of fact that could not have been raised during the limitations period.

We affirm the grant of summary judgment dismissing Chancellor's PCR application as time barred under section 822.3.

**AFFIRMED.**