# IN THE COURT OF APPEALS OF IOWA

No. 22-1685
Filed December 7, 2022

**IN THE INTEREST OF K.M., K.M., and K.M.,**
**Minor Children,**

**S.M., Mother**
    Appellant.
_____

    Appeal from the Iowa District Court for Linn County, Carrie K. Bryner, District Associate Judge.


    A mother appeals the termination of her parental rights.  **AFFIRMED.**


    Alexander S. Momany of Howes Law Firm, P.C., Cedar Rapids, for appellant mother.

    Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

    Julie F. Trachta of Linn County Advocate, Inc., Cedar Rapids, attorney and guardian ad litem for minor children.


    Considered by Vaitheswaran, P.J., and Ahlers and Buller, JJ.

**AHLERS, Judge.**

The juvenile court terminated the parental rights of the parents of these fourteen-year-old, twelve-year-old, and nine-year-old children.[1] Only the mother appeals.

We review termination-of-parental-rights cases de novo. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). Such cases follow a three-step process of determining (1) whether a statutory ground for termination under Iowa Code section 232.116(1) (2022) has been established, (2) whether termination is in the children's best interests after considering the framework of section 232.116(2), and (3) whether a permissive exception under section 232.116(3) should be applied to preclude termination. *In re M.W.*, 876 N.W.2d 212, 219–20 (Iowa 2016). We do not consider any of the three steps a parent does not challenge. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

The mother only challenges the third step.[2] She contends the juvenile court improperly declined to apply permissive exceptions to preclude termination and a guardianship should have been established rather than terminating her rights. *See* Iowa Code § 232.117(5) (giving the court the option to enter any permanency order under section 232.104 if the court does not terminate parental rights); *see also id.* § 232.104(2)(d) (providing a permanency option of transferring guardianship and

---

[1] Since the termination hearing, the oldest child has turned fifteen years old.
[2] While the mother's petition mentions the second step—the children's best interests—it is discussed in the context of her challenge to the third step, so we interpret her challenge as being limited to the third step. This interpretation is consistent with the framing of the issue in the issue header.

custody to a suitable person). The two permissive exceptions urged by the mother read as follows:

> The court need not terminate the relationship between the parent and child if the court finds any of the following:
> *a.* A relative has legal custody of the child.
> . . . .
> *c.* There is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship.

*Id.* § 232.116(3)(a), (c).

The mother failed to preserve this claim for our review. Even if the mother raised the issues she now raises on appeal—a dubious "if" based on the record—the juvenile court did not rule on them. The juvenile court's order terminating the mother's parental rights does not mention any permissive exceptions to termination or the claim that a guardianship should be established. As the juvenile court did not address the issues in its termination order, to preserve them for appeal, the mother had the obligation to file a motion under Iowa Rule of Civil Procedure 1.904(2) or a similar motion seeking a ruling. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal."). As the mother failed to file such a motion, the issues are not preserved for appeal, and we affirm on that basis.

Although the failure to preserve error is sufficient by itself to affirm, we have also conducted a review of the record. Based on that review, the mother's claims fail on the merits as well. Her claim under section 232.116(3)(a) fails because it does not apply. Contrary to the mother's assertions, a relative does not have

custody of any of the children. From the time of removal to the termination hearing, while some of the children have been placed with a relative, the children have always been in the legal custody of the Iowa Department of Health and Human Services, so section 232.116(3)(a) does not apply. *See In re J.P.,* No. 22-0958, 2022 WL 10861505, at *2 (Iowa Ct. App. Oct. 19, 2022) (concluding section 232.116(3)(a) does not apply when the department has legal custody of the children).

The mother's claim under section 232.116(3)(c) also fails on the merits. While the children know their mother as their mother, the evidence does not establish a noteworthy bond between them. In fact, the children have expressed opposition to returning to the mother's home out of fear for their safety, and the oldest child expressed support for termination. Given the dysfunction swirling around the mother and the mother's failure to protect them from her paramour who has abused the mother and the children, the children's fear is justified. All three children have shown improvement in their lives since being removed from their mother's care. We decline to apply section 232.116(3)(c) to avoid termination.

Having decided there is no basis for applying a permissive exception to termination, there is no statutory basis for considering the mother's request for a guardianship. In the context relevant to this case, the establishment of a guardianship as a permanency option only becomes viable if the decision is made not to terminate parental rights. *See* Iowa Code § 232.117(5). As termination of the mother's parental rights is the proper outcome here, we do not get to order alternative permanency options.

**AFFIRMED.**