**IN THE COURT OF APPEALS OF IOWA**

No. 22-1824
Filed February 8, 2023

**IN THE INTEREST OF L.P. and M.P.,**
**Minor Children,**

**J.D., Mother,**
      Appellant.

_____

Appeal from the Iowa District Court for Mahaska County, Rose Anne Mefford, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Maddison A.E. Denny of Faulkner Broerman & Lindgren, Oskaloosa, for appellant mother.

Brenna Bird, Attorney General, and Mary A. Triick (until withdrawal), Ellen Ramsey-Kacena (until withdrawal), and Natalie Jean Hedberg, Assistant Attorneys General, for appellee State.

Misty White, Sigourney, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., and Badding and Buller, JJ.

**BOWER, Chief Judge.**

A mother appeals the termination of her parental rights.[1]  We find the juvenile court was correct in not granting an extension of time, termination was in the children's best interests, no exception applies, and reasonable efforts were made.  We affirm.

**I. Background Facts & Proceedings.**

J.D. is the mother of M.P., born 2018, and L.P., born 2019.[2]  In the summer of 2021, J.D. moved with the children from Illinois to Iowa despite an open child-protection case in Illinois.

In November, the mother tested positive for methamphetamine, and the children were placed with their maternal grandmother.  On December 7, 2021, the children were adjudicated children in need of assistance (CINA)[3] and formally removed from the mother's custody due to her use of methamphetamine; their legal custody was ordered to the department of health and human services for placement with their grandmother.

After the November positive drug test, the mother entered outpatient substance-abuse treatment and graduated in January of 2022.  In March, she again tested positive for methamphetamine.  She did not obtain a new substance-abuse evaluation until July and did not pursue treatment.  In August, she tested

---

[1] The fathers' parental rights were also terminated.  They did not appeal.

[2] The mother's parental rights were terminated as to her older children in 2016. The older children were adopted by the maternal grandmother.

[3] A subject-matter jurisdiction question was raised as to the children's home state, and after Illinois declined to exercise jurisdiction over the children, the Iowa juvenile court found it had jurisdiction and readjudicated the children as CINA on March 8, 2022.

positive again.[4]  She then obtained a substance-abuse evaluation and was scheduled to enter an inpatient program the week of the termination hearing.  She did not check-in as scheduled, saying she would go later in the week after the hearing.

The mother self-reported several mental-health diagnoses; she attended therapy regularly into the summer of 2022, but switched providers at the end of July.  No report from the new provider had been obtained by the time of the termination hearing.  The mother regularly attended her medication-management appointments.

In the spring and early summer of 2022, the mother had stable employment but switched in July to unverified employment with a friend.  In mid-summer, she obtained suitable housing but moved shortly before the termination hearing.

The termination hearing was held on September 28.  The court heard testimony from the social work case manager, the grandmother, and the maternal great-grandmother.  The juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(g) and (h) (2022).  She appeals.

**II. Standard of Review.**

We review de novo the termination of parental rights.  *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).  We give weight to, but are not bound by, the juvenile court's fact findings.  *Id.*

---

[4] The case worker testified the department waits ninety days to retest when using hair stat tests because the drug test goes back approximately three months.

**III. Analysis.**

In our review, we use a three-step analysis: first, determine if a ground for termination exists under Iowa Code section 232.116 paragraph (1); next, apply the best-interest framework from paragraph (2); and last, consider if any exceptions from paragraph (3) apply to preclude termination. *Id.* at 472–73.

Because the mother does not contest the existence of the grounds for termination, we need not discuss this step. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

*A. Six-month extension.* The mother asserts if granted a six-month extension, the grounds for termination would no longer exist. At the June 28 permanency hearing, the mother had requested a three-month extension to achieve reunification. Although not formally granted, the mother had three months between the permanency and termination hearing in which she could have shown the progress she suggested at the hearing. At the termination hearing, she requested a six-month extension.

To grant an extension of time for reunification, the court must "enumerate the specific factors, conditions, or expected behavioral changes" providing a basis to determine the child will be able to return to the parent at the end of the additional six months. Iowa Code § 232.104(2)(b).

Here, the mother had not demonstrated the ability to maintain stable employment, housing, or sobriety in the community. She was making some progress at the time of the permanency hearing with a stable job and obtaining housing but then relapsed in August, changed jobs, and did not have housing at

the termination hearing. On this record, the court had no basis on which to grant an extension.

*B. Best interests of the children.* Our statutory best-interests framework considers "the child[ren]'s safety, . . . the best placement for furthering the long-term nurturing and growth of the child[ren], and . . . the physical, mental, and emotional condition and needs of the child[ren]." *Id.* § 232.116(2). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (citation omitted).

The mother moved to Iowa despite an open child-protection case in Illinois. She tested positive for methamphetamine a few months later and has tested positive since, despite completing outpatient treatment and professing sobriety. While she made progress at times, she continues to struggle with her addiction, has failed to follow through when she made progress, and does not have a stable home for the children. The children are well-integrated into their grandmother's home and have bonded with their grandmother and older siblings. Termination is in the children's best interests.

*C. Exceptions and guardianship.* Once the State has proven grounds for termination, the burden shifts to the parent to prove a permissive exception under section 232.116(3). *A.S.*, 906 N.W.2d at 475–76. The mother suggests on appeal the children's placement with their grandmother and closeness of the parent-child bond should prompt the court to apply an exception to termination. *See* Iowa Code § 232.116(3)(a), (c).

The children are in the legal custody of the department, not the grandmother, making inapplicable the exception under section 232.116(3)(a) where a relative has legal custody of the child. *In re A.B.*, 956 N.W.2d 162, 170 (Iowa 2021) ("[T]his exception can come into play only when a relative has 'legal custody.'"). While the children and the mother do have a bond, to apply the exception under paragraph (c) "requires clear and convincing evidence that 'termination would be detrimental to the child at the time due to the closeness of the parent-child relationship.'" *Id.* at 169 (quoting code section). The mother has not established termination of her rights will be detrimental to the children.

For the first time on appeal, the mother briefly suggests permanency should have been achieved through a guardianship. Even if we presume error had been preserved on this alternative,[5] guardianship is not the preferred method of permanency, particularly when children are so young. *See A.S.*, 906 N.W.2d at 477 ("[A] guardianship is not a legally preferable alternative to termination." (citation omitted)). Nor is there any indication the grandmother would be willing to enter into a guardianship instead of adoption. No exceptions apply to preclude termination.

*D. Reasonable efforts.* The mother asserts on appeal the department failed to provide reasonable efforts by not increasing visitation or move visitation to her residence after an August 24 home visit.

---

[5] "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

Reasonable efforts "covers both the efforts to prevent and eliminate the need for removal." *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). "The reasonable efforts concept would broadly include a visitation arrangement designed to facilitate reunification while protecting the child from the harm responsible for the removal." *In re L.M.*, 904 N.W.2d 835, 839 (Iowa 2017) (citation omitted). A parent has an obligation "to object when they claim the nature or extent of services is inadequate," and must do so early enough in the process for changes to be made. *Id.* at 839–40. Failure to request the service in a timely manner waives the issue. *Id.* The mother did not file a motion with the juvenile court requesting increased visitation or moving the location of visitation, waiving the claims on appeal.

In any event, we find reasonable efforts were made. "[T]he interests of the child take precedence over family reunification." *In re L.T.*, 924 N.W.2d 521, 529 (Iowa 2019). While the worker found the mother's home to be appropriate, two days later the mother's drug test results came back positive for methamphetamine. Under the circumstances, the department's decision not to increase visitation or have it in the mother's home was reasonable. *See L.M.*, 904 N.W.2d at 839.

We affirm the termination of the mother's parental rights.

**AFFIRMED.**