**IN THE COURT OF APPEALS OF IOWA**

No. 23-1234
Filed January 24, 2024

**IN THE INTEREST OF C.G. and W.G.,**
**Minor Children,**

**C.G.-Y., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Dickinson County, David C. Larson,

Judge.


        A father appeals the termination of his parental rights.  **AFFIRMED.**


        Michael H. Johnson, Spirit Lake, for appellant father.

        Brenna Bird, Attorney General, and Mackenzie L. Moran, Assistant Attorney

General, for appellee State.

        Jennifer Bennett Finn, Estherville, attorney and guardian ad litem for minor

children.


        Considered by Greer, P.J., and Ahlers and Buller, JJ.

**AHLERS, Judge.**

Leading up to February 3, 2022, the father of W.G. (born in 2017) and C.G. (born in 2019) shared physical care of the children with the children's mother. On February 3, the father shot and killed the mother. The father was arrested, a no-contact order was issued in the criminal case prohibiting the father from having any contact with the children, and the children were removed from his custody by the juvenile court. He was convicted of first-degree murder for his crime, and he is serving a life sentence without possibility of parole.

After his conviction, the juvenile court terminated the father's rights to the children under Iowa Code section 232.116(1)(f) (2023).[1] The father appeals. He contends the Iowa Department of Health and Human Services failed to make reasonable efforts to reunify the children with him by denying him visitation at his place of incarceration. He also contends the juvenile court should have placed the children in a guardianship with his spouse (the children's stepmother) instead of terminating his parental rights.

We review orders terminating a parent's parental rights de novo. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). With de novo review, we give weight to the juvenile court's fact findings, especially as to witness credibility, but we are not bound by them. *Id.* Our review follows a three-step process that involves determining whether a statutory ground for termination has been established,

---

[1] Termination of parental rights is permitted under section 232.116(1)(f) upon clear and convincing proof that (1) the children are four years of age or older, (2) the children have been adjudicated as children in need of assistance, (3) the children have been removed from the parent's custody for at least twelve of the last eighteen months, and (4) the children cannot be returned to the parent's custody at the time of the termination hearing.

whether termination is in the children's best interests, and whether any permissive exceptions should be applied to preclude termination. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021). But if a parent does not challenge a step, we need not address the unchallenged step on appeal. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

Here, the father does not directly challenge any of the three steps. He does, however, make a reasonable-efforts challenge. While not a strict substantive requirement for termination, "where the elements of termination require reasonable efforts by [the department], the scope of [the department]'s efforts after removal impacts the burden of proving those elements." *In re L.T.*, 924 N.W.2d 521, 527 (Iowa 2019). So the State must establish the department made reasonable efforts to provide the parent with reunification services as part of its ultimate proof of a statutory ground when that ground requires such efforts. *See id.* At its core, a parent's reasonable-efforts challenge functions as a challenge to a component of the statutory grounds.

Before we can get to the merits of the father's reasonable-efforts challenge, we must first decide whether the father preserved error on this issue, as the State contends he did not. To preserve error on such a challenge, a parent is required to alert the juvenile court to any claimed deficiency in services "at the removal, when the case permanency plan is entered, or at later review hearings." *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002). Here, the father did that by filing a motion specifically requesting visitation despite his incarceration. While the juvenile court denied the motion, the father has preserved error on his reasonable-efforts challenge, so we proceed to the merits.

As to the merits, the father contends the department failed to make reasonable efforts at reunification because he was not allowed visitation while incarcerated. Apparently recognizing that the no-contact order in his criminal case prohibiting any contact with his children undermines this argument, the father packages his argument to assert that the department had the obligation to seek modification of the no-contact order to permit visitation as part of the department's reasonable-efforts obligation. We reject this argument, regardless of how it is packaged. For starters, the father cites no authority suggesting how the department, as a non-party to his criminal case, would have standing to seek modification or termination of the criminal no-contact order. But even if the department had standing, the father's argument ignores the fact that he sought termination of the criminal no-contact order, and the criminal court denied his request. The father makes no effort to explain how he thinks the department could successfully mount a challenge to the criminal no-contact order when he was unable to do so. Further, we note that reasonable-efforts challenges must be related to services that would eliminate the need for removal. *In re M.G.*, No. 18-0650, 2018 WL 3912192, at *2 (Iowa Ct. App. Aug. 15, 2018) (rejecting a reasonable-efforts challenge when the services the parent claimed should have been provided were "immaterial to the cause of removal"). The father advances no argument as to how providing him with visitation would have eliminated the need for removal from his custody when he is slated to spend the rest of his life incarcerated and unable to resume custody of the children. Even if visitation had been allowed, it would not have had any bearing on the need for continued removal

of the children from the father's custody. *See id.* For these reasons, the father's reasonable-efforts argument fails.

The father's final argument is that the juvenile court erred by failing to place the children in a guardianship with their stepmother instead of terminating his parental rights. The State contends the father failed to preserve error on this argument, and we agree. Normal error-preservation rules apply in termination-of-parental-rights cases. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). Those rules require a party to both raise an issue and secure a ruling on it to preserve it for appellate review. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Despite the father's contention in his petition on appeal that he requested a guardianship in lieu of termination, we see nowhere in the record where such request was made. And, even if such a request is somewhere in the record, the juvenile court never ruled on it. As a result, the father was required to file a motion pursuant to Iowa Rule of Civil Procedure 1.904(2) to preserve error on the issue. *See In re T.N.*, No. 02-1633, 2002 WL 31641552, at *2 (Iowa Ct. App. Nov. 25, 2002) (requiring the filing of a rule 1.904(2) motion to preserve error on challenge to selection of guardian). As a result, even if we assumed for the sake of discussion that the father raised the issue, his failure to request a ruling when the juvenile court neglected to address the issue resulted in a failure to preserve error. As a result, we do not address the father's argument on the merits.

Finding one issue to be without merit and the other not preserved for our review, we affirm the juvenile court's order terminating the father's parental rights.

**AFFIRMED.**