# IN THE COURT OF APPEALS OF IOWA

No. 24-0044
Filed December 4, 2024

**SARAH BOESE,**
        Plaintiff-Appellant,

**vs.**

**POLK COUNTY, IOWA and MATT MCCOY,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Polk County, Robert B. Hanson,

Judge.


        The plaintiff appeals from dismissal of her open-records claims against a

county and county supervisor. **AFFIRMED IN PART, REVERSED IN PART, AND**

**REMANDED FOR FURTHER PROCEEDINGS.**


        Gary Dickey and Matthew Sahag of Dickey, Campbell, & Sahag Law Firm,

PLC, Des Moines, for appellant.

        Kimberly Graham, Polk County Attorney, and Julie J. Bussanmas, Assistant

Polk County Attorney, Des Moines, for appellee Polk County, Iowa.

        Brent L. Hinders and Eric M. Updegraff of Hopkins & Huebner, P.C.,

Des Moines, for appellee Matt McCoy.


        Heard by Greer, P.J., and Buller and Langholz, JJ.

**BULLER, Judge.**

Sarah Boese filed a petition alleging public-records violations by Polk County and Polk County Supervisor Matt McCoy, growing out of her request for electronic records from both official county-owned electronic devices and McCoy's personal devices. She argues the district court erred in dismissing her petition because she adequately pled violations of Iowa Code chapter 22 (2023)—not just the county's internal records policy. We affirm dismissal of the claims grounded in county policies, and we reverse and remand for further proceedings on the statutory claims.

## I. Standard of Review

We review a ruling on a motion to dismiss for correction of errors at law. *Shumate v. Drake Univ.*, 846 N.W.2d 503, 507 (Iowa 2014). Because "[a] motion to dismiss challenges a petition's legal sufficiency, . . . we accept the facts alleged in the petition as true and view the allegations in the light most favorable to the plaintiff." *White v. Harkrider*, 990 N.W.2d 647, 650 (Iowa 2023) (cleaned up).

## II. Background Facts and Proceedings

In October 2022, Boese submitted a public records request to Polk County and McCoy seeking a wide array of electronic communications—including call logs, text messages, and emails—of McCoy conducting county business with certain named persons between January 1, 2020, and the date the request was submitted. Boese also requested non-privileged documents related to a workers' compensation case (the details of which are unnecessary to resolving this appeal). Polk County immediately confirmed receipt of the request and provided a cost estimate for providing the records about three weeks later.

At the same time it provided the cost estimate, Polk County informed Boese's counsel that McCoy had additional records in his possession responsive to her request, but Polk County could not provide them because it was not the lawful custodian of records that existed solely on McCoy's personal devices. According to the county, McCoy was the custodian and the county could not compel McCoy to produce records. A cost estimate for review of McCoy's records was provided in January 2023, and Boese made payment.

In March, Boese petitioned the district court alleging both Polk County and McCoy had violated Iowa Code chapter 22 and Polk County's internal public-records policies.[1] Boese sought relief by declaratory order, an injunction to refrain from future alleged violations, statutory damages, removal of McCoy from office if he was found to have engaged in a prior violation for which damages were assessed, and fees and costs. Boese amended her claim in April, adding an allegation that McCoy knowingly lied when he denied using personal devices to conduct county business, that he provided incomplete records with improper redactions, that he failed to supply a responsive record, and that these and other acts violated the county's public-records policy. The amended petition recast the relief sought, specifically requesting the court find a violation of chapter 22 due to the length of delay for producing the records and the allegedly incomplete production; the injunction previously requested; statutory damages between $500

---

[1] Although the record on this policy or protocol (which we refer to as a "policy" for consistency) is somewhat underdeveloped, it appears the policy at issue is one adopted by the county pursuant to Iowa Code section 22.12, which makes it optional for political subdivisions (like a county) to codify fair information practices. *See also* Iowa Code § 22.11 (requiring state agencies to codify their practices by administrative rule).

and $2500; the same earlier request for removal of McCoy from office; and costs and fees.

Polk County moved to dismiss the case pre-answer, arguing it had provided all of the records in its possession; it was not the lawful custodian of records stored on McCoy's personal devices; and that violations of the county's public-records policy did not rise to the level of statutory violations. Polk County also invoked Iowa's qualified-immunity statute, codified at section 670.4A(1)(a), to argue dismissal of the policy claims was required as they did not rest on clearly established law. McCoy moved for "partial" dismissal pre-answer, arguing the county-policy violations did not amount to statutory violations and that the qualified-immunity statute barred relief on at least some claims. Boese resisted, arguing Polk County was the lawful custodian of records on McCoy's personal devices, that a violation of the county's policy was a violation of the statute, and that the law on these issues was clearly established and thus defeated the qualified-immunity claims.

Following a reported hearing, the district court dismissed the petition in full as to both Polk County and McCoy, finding that the petition failed to state a claim. After this ruling dismissing the case in full, Boese filed a motion under Iowa Rule of Civil Procedure 1.904(2), asking the court to amend its ruling in part because McCoy had not sought dismissal of the statutory violations. The motion also requested the court clarify it understood that Boese was arguing violations of the statute—not just the county policy. McCoy resisted, positing the district court took one of three actions: (1) it understood Boese to only be advancing claims under the policy; (2) the court recognized claims beyond the policy but found they should

be dismissed sua sponte; or (3) the court made a mistake in dismissing the case in its entirety, intending only to dismiss the policy-based claims. The court denied Boese's motion without explanation of which action it took.

Boese appeals.

### III.  Discussion

We first observe the appellate briefs in this case are a bit like ships passing in the night. Polk County and McCoy both argue dismissal was warranted because there is no statutory cause of action for violation of a fair-information-practices policy and that's what they claim Boese alleged below. But in her brief, Boese "stipulates, for the purposes of this lawsuit, that no private cause of action exists under chapter 22 to enforce violations of Polk County's own protocols." We take Boese at her word and set aside all the alleged violations of the county's policy and consider only whether any alleged statutory violations were sufficiently pled to survive dismissal. To the extent the alleged policy violations are before us, we affirm the district court's ruling dismissing them.

That brings us to the statutory claims. Unfortunately, we—like the parties— are left to guess the district court's reasoning when it dismissed the action in its entirety. Suffice to say, we are unable to discern from the district court's terse ruling and post-ruling order any reasoning it deployed that would be sufficient to affirm disposition of the statutory claims at this stage of the litigation.

On our review, we focus on the following numbered allegations from the section of the petition titled "open records violation":

> 82. Supervisor McCoy failed to produce any public records responsive to the request in the custody of Supervisor McCoy for 143 days.

83. At present, Supervisor McCoy has not produced a complete set of records that are responsive to Plaintiff Sarah Boese's public record request.

84. Accordingly, "the burden of going forward shall be on the Defendants to demonstrate compliance with the requirements" of the Act. Iowa Code § 22.10(2).

85. Defendants' delay in producing the records constitutes a de-facto refusal.

86. Defendants lack any lawful basis to have delayed the production of the records Plaintiff Sarah Boese requested.

87. Defendants lack any lawful basis to have refused the production of the records Plaintiff Sarah Boese requested.

We think it is clear this portion of the petition concerned alleged violations of chapter 22 by both defendants independent of the policy-based claims Boese has now disclaimed. Without a specific analysis on the viability of the statutory claims, we cannot identify the basis on which the court dismissed those specific claims. And Boese adequately preserved error by drawing this omission to the court's attention with her rule 1.904(2) motion. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal."). As a result, we must reverse and remand this matter to the district court for further proceedings.

We recognize the peculiarity of remanding this action given that the district judge who presided over the proceedings and issued the appealed ruling has since retired. But we are "a court for the correction of errors at law." Iowa Code § 602.5103(1). We generally do not decide questions in the first instance. And we lack the courtroom-management tools that give the district court an advantage in resolving and managing disputes over the course of litigation. So, while we recognize this case has not moved the most expeditiously, we believe

the appropriate outcome is for the district court to have the first opportunity to decide the remaining disputes between the parties in the first instance rather than color outside our error-correcting function to decide the issue on appeal.

### IV. Disposition

To the extent the question is before us, we affirm (as unchallenged for purposes of this litigation) the district court's conclusion that violations of Polk County's internal public-records policy do not constitute statutory violations independent of existing law in chapter 22.

We reverse and remand for further proceedings on the statutory claims pled against McCoy and Polk County. In these further proceedings, the parties may reassert arguments not addressed in the dismissal ruling and post-ruling order that were the subject of this appeal. Our opinion in this case should not be read to suggest any particular outcome on the statutory claims or any additional motion practice that may or may not unfold over the life of the case. We do not retain jurisdiction.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**