# IN THE COURT OF APPEALS OF IOWA

―――――――――

No. 24-1976
Filed April 29, 2026

―――――――――

**State of Iowa,**
Plaintiff–Appellee,
v.
**Landin Joseph Howell,**
Defendant–Appellant.

―――――――――

Appeal from the Iowa District Court for Story County,
The Honorable Stephen A. Owen, Judge.

―――――――――

**AFFIRMED**

―――――――――

Leah Patton of Patton Legal Services, LLC, Ames, attorney for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, attorneys for appellee.

―――――――――

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Sandy, J.

**SANDY, Judge.**

A late-night encounter at a gas station resulted in the warrantless search of a parked vehicle following a lawful arrest. Yet whatever constitutional question those facts might invite, we do not reach it here, as the argument now advanced was not preserved in the district court. And because that argument was not preserved, we affirm without reaching the constitutional question.

## BACKGROUND FACTS AND PROCEEDINGS

In April 2024, law enforcement encountered Landin Howell at a gas station in Ames, Iowa, where his vehicle was parked at a gas pump with the engine off. Prior to initiating contact, an officer ran the vehicle's registration and learned that Howell, the registered owner, had an outstanding arrest warrant. The officer approached Howell as he walked between the pumps and the convenience store and confirmed his identity. Howell was detained while the officer verified the warrant, during which time Howell considered options for securing his vehicle. Ultimately, Howell elected to have the vehicle towed rather than moved or left at the scene.

After confirmation of the warrant, Howell was arrested. A search incident to arrest revealed an item the officer identified, based on training and experience, as drug paraphernalia. Specifically, an empty pen tube with burn marks and bite marks wrapped in tape, which the officer identified as an item used to consume narcotics. Howell was then escorted to the convenience store restroom by a second officer while the arresting officer searched Howell's vehicle. The search occurred before the arrival of a tow truck and without a warrant. During the search, officers discovered items including a pill bottle and materials consistent with drug use. Subsequent testing confirmed the presence of a controlled substance—fentanyl.

The State charged Howell with possession of a controlled substance and possession of a prescription drug or device without a valid prescription. Howell filed a motion to suppress, challenging both statements obtained by police during the encounter and that the warrantless search of his vehicle lacked sufficient probable cause. The State conceded that most of Howell's statements were obtained in violation of Miranda and should be suppressed but resisted suppression of the physical evidence obtained from the vehicle search.

Following an evidentiary hearing, the district court granted the motion in part and denied it in part. The court suppressed the statements obtained through custodial interrogation but upheld the search of the vehicle under the automobile exception to the warrant requirement. In doing so, the court concluded that sufficient probable cause existed.

Howell subsequently waived his right to a jury trial and proceeded to a bench trial on the minutes of testimony. The district court found him guilty of possession of a controlled substance and not guilty of the remaining charge. The court entered judgment and imposed a sentence consisting of forty-eight hours in jail, a fine, and applicable surcharges. Howell now appeals, challenging the denial of his motion to suppress and the application of the automobile exception under the circumstances of this case.

## STANDARD OF REVIEW

Our review for a constitutional search is de novo. *State v. Rincon*, 970 N.W.2d 275, 280 (Iowa 2022).

## DISCUSSION

The State contends there is nothing for us to review because Howell advances a materially different argument on appeal than the one presented to the district court. We agree.

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). This preservation requirement ensures the district court has an opportunity to consider and rule on the precise claim now advanced and prevents a party from changing theories on appeal. *See id.* at 540–41.

Howell's argument before the district court focused on whether the warrantless search of his vehicle was justified under existing exceptions to the warrant requirement—principally whether sufficient probable cause existed to enable application of the automobile exception. *See State v. Allensworth*, 748 N.W.2d 789, 796–97 (Iowa 2008). But Howell reframes the issue on appeal. He now urges a broader constitutional argument: that the automobile exception itself should be limited or "obviated" under the Iowa Constitution in circumstances like these, given the availability of electronic warrants. That shift is consequential. The argument advanced on appeal is not simply a refinement of the claim raised below; it is a different legal theory—one that asks for a reconsideration of established doctrine rather than its application to the facts. Because that theory was not presented to the district court, error is not preserved. *See Meier*, 641 N.W.2d at 537.

Moreover, to the extent Howell seeks to challenge the continued viability or scope of the automobile exception, our supreme court has recently declined a similar invitation. *See State v. McClain*, 20 N.W.3d 488, 498–501 (Iowa 2025) (rejecting a request to replace the automobile exception

with a warrant requirement or case-by-case exigency analysis). Because Howell failed to preserve the argument he now advances, we do not reach its merits. The district court's ruling denying the motion to suppress is affirmed.

**AFFIRMED.**